ELISHA ASHLEY *vs.* JAMES HARRINGTON Administrator of THEOPHILUS HARRINGTON.

In construing the revised laws of 1797, they are not to be considered as prior and subsequent acts, but as establishing a system of statute law—as parts of the same law,

By the provisions of the 73d and 74th Sections of the Judiciary Act of 1797, and the 86th and 89th Sections of the Probate Act of 1797, in case of the decease of a party defendant, pending a suit, the plaintiff, if the cause of action doth by law survive, is empowered to proceed to final judgment against the executor or administrator, although the estate be represented and found insolvent.

ELISHA ASHLEY commenced an action of *assumpsit* on a promissory note against Theophilus Harrington, in his life time, before Rutland County Court, at November term, 1813, to which action Theophilus Harrington appeared and had a continuance until March term, then next, and afterwards on the ——— day of December, 1813, deceased; and James Harrington was regularly appointed administrator on his estate : and the cause of action by law surviving, the plaintiff, Ashley, took out a *scire facias* and cited James Harrington, the administrator, to appear and defend in said action, at the next term of said County Court, in March, 1814; at which term the said administrator appeared, and obtained a continuance of said cause to December term, 1814.—At which term the defendant pleaded in bar, that the plaintiff ought not to have or maintain

his said action thereof against him the said James, administrator, *Rutland,* &c. because he says that on letters of administration being granted *January,* to him, of said estate on the 2d Monday of December, 1813, sup- *1815* posing said estate to be insolvent, he represented to the Judge of    Ashley Probate, for the District of Rutland, the circumstances and condi- Harrington tion thereof; upon which representation, the Judge of Probate appointed O. F. J. E. and C. J. commissioners to receive, examine and adjust the claims of the creditors to said estate; and the said commissioners having given due notice according to the statute and the directions of the Judge, received and examined all claims exhibited to them against said estate, and made report of their doings to the Judge of Probate, returning two lists of the said claims—one list of all the claims by them allowed, and one other list of all the claims which had been presented and disallowed, which report the Judge of Probate accepted, at a Probate Court holden at Rutland, &c. on the 10th day of December, 1814, averring that this action was not brought for the recovery of any debt due for rates and taxes, for expenses of the last sickness, or for funeral charges; and that the administrator had never consented that the plaintiff's demand should be settled in a course of law, and prayed judgment, &c.   To which plea the plaintiff demurred.

*Langdon,* in support of the demurrer, contended that this cause must be governed by the 73d Section of the Judiciary Act, which provides that when any suit is pending in any Court of Record in this State, and either of the parties shall die before final judgment, the executor or administrator of such deceased party, who was plaintiff, petitioner or defendant, if the cause of action doth by law survive, shall have full power to prosecute or defend such action. It then gives the plaintiff a *scire facias* to cite the executor or administrator to appear and defend in such suit.   The 86th Section of the Probate Act, which enacts that no action shall be sustained against the executor or administrator of an insolvent estate, except in certain cases therein specified, unless the executor or administrator consent to have a trial at law, must be taken in connexion with the 89th section—" That all actions brought against any executor or administrator before any estate is represented insolvent, shall, when such estate is found to be insolvent, be discontinued, except as in the 86th Section," so that it extends to those actions only

*Rutland,*
January,
1815.

*Ashley*
*vs.*
Harrington

which may have been commenced against the executor or administrator, not to those which had been commenced and were pending at the time of the decease of the testate or intestate; and so the plea is not sufficient to bar the plaintiff's right to proceed to final judgment.

*Williams,* for the defendant, contended that the 73d Section of the Judiciary Act, cited by the plaintiff's counsel, is, on a fair construction, limited by the 89th Section of the Probate Act, to actions pending in cases of insolvent estates. Any other construction would evidently break in upon the system, so particularly provided by the Probate Act, for the settlement of insolvent estates. It was clearly the intention that all demands against such estates should be adjusted by one rule, and the same board, the commissioners to be appointed for that purpose; with a right of appeal, in certain cases, and that the whole by the award of the commissioners should come before the Judge of Probate in one view, that he may be enabled to make and order a dividend of the avails of the estate, in due proportion, to and among the creditors. To effect this purpose, is the great object of the 86th and 89th Sections of the Probate Act.—The 86th Section provides that no actions, unless in the cases excepted, of which this note is one, shall be commenced. The provision is, that no action, wherever it might have been commenced, whether in the life time of the testate or intestate, or against his representative after his decease, shall be sustained. And the 89th Section provides that every such action pending, shall, on the estate's being found insolvent, be discontinued. He contended that on any other construction one creditor would be found pursuing his remedy in one Court, and another in another Court—others before the commissioners, which would derange the whole Probate system;—that the plea was, therefore, sufficient to bar the plaintiff of his remedy in this action.

CHIPMAN, Ch. J. delivered the opinion of the Court.

The Probate law was intended by the Legislature, for the just, equitable and expeditious settlement of estates, both solvent and insolvent; and in all decisions that may affect it, the spirit, intent and end of that system ought to be kept steadily in view. The case now under consideration, is that of a suit pending at the death of the

intestate, and is distinctly provided for in the 73d and 74th Sections of the Judiciary Act; and here we must look for the rule of decision in this case, unless we find some express provision in the Probate Act, which limits or modifies the provision contained in these sections, in such manner as to exclude from it all actions in the circumstances of the present action.

*Rutland, January, 1815.*

*Ashley vs. Harrington*

In giving a construction to the revised laws we are not to consider them as prior and subsequent acts, but as intended to form one general system of statute laws. If we consider them in this light, we shall generally find all seeming repugnancies easily reconciled. The 73d Section of the Judiciary Act, in its expressions, clearly embraces every action pending at the decease of the party plaintiff or defendant, which by law survives, without regard to the solvency or insolvency of the estate of the deceased. In the 74th Section immediately following, the case of insolvency is contemplated, as requiring a modification of the provision in the preceding Section, and such modification is introduced, clearly with a view to the Probate system. Accordingly the last mentioned Section provides " That when final judgment shall be recovered as aforesaid, (referring to the provision of the former Section) against an estate represented insolvent, execution shall be stayed until a full and complete settlement shall be made of such estate, in the Probate office ; and the party shall take out execution, for no more than his, her or their just proportion and dividend out of such insolvent estate, agreeably to the settlement of said estate in the Probate office." Taking these two Sections in connection, there cannot be a doubt, that in an action pending at the decease of the party defendant, the plaintiff, if by law the action survive, is empowered to proceed to final judgment against the executor or administrator, although the estate shall be represented, and finally found insolvent. It is the very case for which provision is made in the latter Section, with a view of adapting it to the provisions of the Probate system; and such is the effect of the construction of the 86th and 89th Sections of the Probate Act, for which the defendant's counsel contend. Now it is a sound rule of construction, that all acts and parts of acts, forming one system, shall be so construed, as to give to every part and every provision its intended effect; and where there may be found any conflicting provisions, so far only to restrain either,

*Rutland,*
*January,*
*1815.*

Ashley
*vs.*
Harrington

keeping in view the general intention, as to render the whole consistent. In order to a clear understanding of the 86th Section of the Probate Act, it must be taken in connexion with the 89th Section; both make but one complete provision on the same subject. The expression in the 86th Section, "That no action shall be sustained against an executor or administrator of an insolvent estate, unless in the excepted cases," is sufficiently broad to comprehend all actions, as well those pending at the time of the decease of the party defendant, as those afterwards commenced against his executor or administrator, if so required to render it consistent with the other provisions of the law. The 89th Section is but a farther provision pointing out the mode in which final effect is to be given to the 86th Section. This is very definite in the expression, it is "that all actions brought against any executor or administrator of any estate, which is represented insolvent, shall, when such estate is found insolvent, be discontinued, unless the executor or administrator consent to have a trial at law, as before directed in this Act." This clearly does not extend to such actions as are pending at the death of the testate or intestate, and revived against his executor or administrator, but to those actions only, which have been brought or originally commenced against the executor or administrator.— This construction will give effect to every Section of the Judiciary and of the Probate Act, upon this subject.—It will not, as has been urged, produce any inconvenience, or any derangement of the Probate system. Under the provisions of the Probate Act, there may be trials and judgments at law; there may be appeals to this Court from the awards of the commissioners; such awards may, by the Court, be varied, reversed or affirmed, and the final awards and judgments must be returned to the Judge of Probate. So, if in an action like the present, revived against the executor or administrator, the creditor recover final judgment, he must cause the amount recovered to be certified to the Court of Probate, or he cannot have the effect of that judgment; for the Court are to stay the execution until a settlement of the estate shall be made in the Probate office, and then he is to take execution for no more than his just proportion and dividend of the estate: the Court will not suffer execution to issue until he shall have produced a certificate from the Judge of Probate, of the sum allowed for his dividend, nor will the Judge of Probate allow him a dividend, unless he shall have returned the

amount of his judgment to be added to the list of claims against the estate; and thus the Probate system is preserved entire. Upon any construction of the Act, however, this is not a good plea, nor is the mode proper, were it decided to be a case coming within the 86th Section of the Probate Act, and that a plea in bar might be proper in this case; for the provision, be it what it may, extends to cases only of estates that are found insolvent; but the plea does not suggest that the estate has been found insolvent—it alleges only that it has been represented insolvent. Had there been such averment in the plea, still the mode is improper; it is directed that all actions coming within the 86th Section of the Probate Act, shall, when the estate is found to be insolvent, be discontinued : this must be done on motion to the Court. I do not know of any plea which concludes in discontinuance. In no point of view can the plea be supported. There must, therefore, be

> Judgment for the plaintiff.