ORANGE FERRISS *vs.* D. S. BARLOW.

The statute of limitation does not run upon a judgment, while the judgment debtor is imprisoned on the execution ; but begins to run, upon the discharge of the debtor, under the act for the relief of poor debtors.

Such a case is within the statute, and the action of debt is barred after the lapse of eight years from the date of such discharge.

This was an action brought upon a judgment rendered by Franklin county court at their September term A. D. 1824. Plea statute of limitations. Replication that the defendant was committed to jail on the execution issued upon the judgment and on the 1st day of September 1826 took the poor debtors oath and departed from the limits of the prison. To this replication the defendant demurred.

*H. R. Beardsley for plaintiff.*—The question presented by the *demurrer* is whether a judgment upon which an execution has issued, and the debtor been committed to jail, and legally discharged under the act, " relative to jails and jailors," and "for the relief of persons, imprisoned therein," is exempt from the operation of the statute of limitation.

By the 13th section of the aforesaid entitled act, it is enacted " that all and every such judgment obtained against any such prisoner shall notwithstanding such discharge, be and remain good and effectual in law, to all intents and purposes, against any estate whatever, which may then, *or at any time afterwards,* belong unto any such prisoner, &c."

FRANKLIN,
January,
1836.

Ferriss
vs.
Barlow.

Now if the statute of limitation is to be regarded as having any application to a judgment thus circumstanced, the aforesaid provision of the statute is wholly nugatory. The statute if it run at all on this judgment began to run at the date of the judgment.

Suppose, then, that the defendant had remained upon the limits of the jail yard until one year before this suit was brought, and then discharged under the act; and six months after the discharge property to the amount of a thousand dollars came to his possession for the first time since his commitment, could it be contended in that case, in a suit upon the judgment and the property attached thereon, that the judgment would be barred? We apprehend not. And if not in that case, we see no good reason, why, under the statute, the judgment may not now be enforced against the estate of the defendant.

*A. and A. O. Aldis for defendant.*—The case turns upon the construction of the 5th sec. of the " act in addition to an act relaing to jails and jailors" passed in October 1823.—*See Comp. Stat. p.* 241.

We contend that the expression in the first part of the section " at any time afterwards"—must be governed in its construction by the statute of limitations; and that it was not the intention of the legislature, that judgments against prisoners discharged from imprisonment by virtue of the act should be exempt from the operation of the statute of limitations.

1. By the common law execution by imprisonment was a satisfaction of the debt *quoad* the defendant. So that if he died in jail or was discharged by the plaintiff no other execution could be issued against him or his goods.

By the stat. 21, Jas 1 c. 24, if defendant died in jail a new execution might issue against his property.

The Lord's act passed 32, Geo. II, was the first proper act of jail delivery enacted in England and from that original our act was probably drawn. That act contains a proviso similar to our own; by which when the defendant is discharged from imprisonment the judgment is preserved and valid as against his property.

It is most evident that this proviso was meant to guard against the doctrines of the common law—that imprisonment was satisfaction. This was its object, and it settled a point otherwise doubtful. 3 Bl. Comm. 415.—16 and note 6.—6 T. R. 526 *Clark* vs. *Clement.*—7 T. R. 520 *Tanner* vs. *Hague.*—2 Tidd Prac. 978.

2. Such a construction as we contend for is required by the language of the statute taken literally. The statute says that the

FRANKLIN,
*January,*
1836

Ferriss
*vs.*
Barlow.

judgment shall remain good and effectual in law against the estate of the prisoner and a new execution issued at any time "*in the same way and manner as might have been done if the prisoner had never been in execution.*" This last expression applies not to the issuing of execution alone, but to the whole section.

Now if the prisoner had never been in execution the judgment would certainly be barred by the statute of limitations.

3. If the expression " at *any* time afterwards" when connected with the judgment is to be taken in its literal and absolute sense—then by the same rule of interpretation the words " at any time," used in connection with the issuing of execution should be taken in the same sense. Such a construction is manifestly absurd, and would establish a most dangerous practice.

4. There is no reason why judgments against prisoners discharged under this act should be placed on different grounds from other judgments. By issuing a summons against the defendant at any time within eight years after the rendition of the judgment, the plaintiff could have presented his right of action.

The opinion of the court was delivered by

PHELPS, J.—The only question raised in this case is, whether the statute of limitation applies at all to a judgment, upon which the debtor has been committed, and discharged under the act for the relief of poor debtors.

On the part of the plaintiff it is insisted, that the terms of the act expressly exempt the case from the operation of the statute of limitation. And on the other hand, it is claimed by the defendant that the general expressions in the act must be understood and taken subject to the provisions of that statute, and that the expression " at any time thereafter" is to be qualified, as meaning any time within the period allowed by the statute of limitation.

It seems agreed on all hands, that the statute of limitation would not run upon the plaintiffs remedy so long as the defendant remained in custody on the execution. This results from common and well established principles applicable to all statutes of limitation. Whether we consider the statute of proceeding upon the presumption of payment or as an arbitrary rule of policy, intended to compel a speedy inforcement of all claims, and as shutting the door upon the litigation of such as are stale, is, in this respect, unimportant. On the one hand, no presumption of payment can arise, while the debtor is in custody upon the execution, and on the other hand the statute, as a rule of policy, could with no propriety be

FRANKLIN,
January,
1836.

Ferriss
vs.
Barlow.

enforced against a creditor guilty of no negligence, but diligently pursuing his legal remedy.

At the same time, the statute could attach to the remedy by debt or *scire focias*, only from the time when the cause of action accrued, which must necessarily be after the debtor has been discharged from imprisonment. In this case however the cause of action arose immediately upon the discharge of the defendant in September 1826, and the present writ was not sued out until January 1835, a period of more than eight years thereafter. The plaintiff's action is therefore barred by the statute, if the statute be applicable at all to such a case.

A literal construction of the statute for the relief of poor debtors would, if taken without reference to other statutes upon the same subject, exclude this case altogether from the operation of the statute of limitation. But it is a settled rule of construction, that all statutes *in pari materia,* are to be taken together, in ascertaining the intent of the legislature. Both the statutes in question are part of the compilation of 1797, and it has been held, and with great propriety, that the several acts of this compilation are to be considered as passed simultaneously, having no priority in point of time, but constituting parts of one general system.—See *Ashly* vs. *Harrington*, 1 D. Chip. 348. The words of the statute of limitation are as general and unqualified as those of the act above alluded to. Nothing therefore is gained by resorting to a literal interpretation on either side. The words "at any time thereafter," in our statute, are no more comprehensive than the words, "all actions of debt or *scire facias* on judgment," in the other; and the want of any qualification or exception, in one case, affords no stronger ground of argument than the like want of qualification or exception on the other. The true mode of interpreting these acts is, to consider them as qualifying each other. The provision that the judgment notwithstanding such discharge, shall remain good and effectual in law, as against any estate which, may then, *or at any ime thereafter*, belong to the debtor, is to be taken as subject to such general regulations, as by law attach to the remedy by action of debt or *scire facias*, and among others to the limitation in point of time to bringing the action, On the other hand, this provision qualifies the statute of limitation, so far as to suspend the operation of that statute, until, by means of the discharge of the debtor from imprisonment, the remedy woul accrue.—See *Baxter* vs. *Tucker*, 1 D. Chip, 353.

FRANKLIN,
January,
1836.
Ferriss
vs.
Barlow.

The obvious purpose of this provision was to remove the tech-nical bar growing out of the imprisonment of the debtor, which, at common law, is a legal satisfaction of the debt· This being its manifest object and purpose; we are not at liberty to consider it as intended to create an exception to the statute of limitation. The provision contains no reference to that statute, nor does it provide that the action of debt may at any time thereafter be brought. It merely subjects the property, which the debtor may then have, or may afterwards acquire, to the operation of the judgment; and the most which can be contended for is, that the judgment shall be effectual, to be enforced against the property of the debtor, in the same manner, as if the person of the debtor had not been dischar-ged. There is no reason for supposing that it was intended to place such judgment upon a peculiar footing, or to exempt it from the action of general statutes. The argument drawn from the suppo-sition that the debtor remains in jail during the whole period of the statute, is answered by the decision, that the statute begins to run only from the time of discharge.

The judgment of the county court is reversed, and judgment that the replication is insufficient.