SPEAR & CARLTON *v.* GORDON NEWELL.

*(In Chancery.)*

An action of assumpsit cannot be maintained by one partner against another, to recover an unliquidated balance of a copartnership transaction.

To settle and adjust a copartnership, and to recover the balance due the active, from the dormant, partner, who has been in the receipt of none of the property or avails of the copartnership, but owes a balance to the active partner from its being a losing concern, a bill in chancery is the only remedy.

The statute of limitations is not applicable to such a bill. But the court of chancery, in analogy with the statute, will, from the lapse of the same time, presume a settlement and payment.

This the court will not do when such presumption is rebutted and repelled by what appears in the bill and answer; nor when the orator's case is within any of the exceptions in the statute.

That part of the time relied on to raise a presumption of settlement, which has been consumed in an unsuccessful action of account, by the orator against the defendant, which the defendant successfully resisted on the ground that he was not the *receiving partner*, and therefore ought not to account, should be deducted from the whole time.

When the plaintiff is, at law, driven to a nonsuit, by the decision of the court that the form of action cannot be sustained, he may commence another action in one year from the *termination* of that action, before the statute of limitations will run, at law, or any presumption be raised, or laches imputed, in chancery.

THE orators' bill stated, in substance, that they, on the one part, and the defendant, on the other, on the third of October, 1828, by articles in writing, not under seal, entered into a copartnership for manufacturing and selling paper; by which articles it was stipulated that the orators were to purchase all the necessary stock for the paper mill, and pay all the laborers and expenses, and were to receive all the paper and market the same for a certain commission; that, at the expiration of the copartnership, the orators were to sell the remaining stock and collect the debts, and then were to divide, equally, with the defendant, the loss or gain of the concern; that they proceeded to perform all on their part; that the copartnership closed June 14, 1829; that they sold the stock and collected the debts; that there was a large loss in the business; that they, afterwards, called on the defendant to close the concern, and settle and pay over his half of said loss to the orators; but he neglected so to do; that in June, 1832, they commenced against the defendant, in the circuit

court of the United States, an action of account, in which judgment to account was rendered, and auditors appointed, who examined the accounts and reported a balance in favor of the orators of $2,569 83 ; that, on return of their report, the court decided that, as it appeared the defendant never received any of the copartnership effects, no action of account could be sustained against him, and the only remedy was by a bill in chancery ; whereupon the orators, by leave of that court, became nonsuit, in October, 1837. This bill was filed in September, 1838.

The defendant pleaded the statute of limitations of six years, against the action to account. He also filed his answer, insisting on said plea, and conceding that he so entered into copartnership with the orators ; but insisted that he never received any of the property or avails of the business. He conceded that an action of account was commenced, as the orators alleged ; that he therein, at all times, insisted that, as he never received any of the copartnership property, no action of account could be sustained against him ; and that after the auditors made their report, as the orators state in their bill, the circuit court did decide that, inasmuch as it appeared that the defendant never received any of the copartnership property, the said action of account could not be maintained to recover of the defendant the one half of the loss of said business, and reversed the former judgment to account in May, 1837, when the orators, by leave of said court, procured a continuance of said cause to the next term of said court in October, 1837, when they became nonsuit.

This cause came on for hearing on the bill, plea and answer, it having come to this court on appeal from the court of chancery on a decree dismissing the bill.

*C. Linsley* and *E. A. Ormsbee,* for orators.

The orators contend that they are not bound by the statute of limitations, because the matters in controversy are such as concern the trade of merchandize between merchant and merchant. Such cases are exempted from the operation of the statute of limitations. At all events, the statute of limitations cannot begin to run until a dissolution and demand for a settlement, by the party who would set up the statute as a defence.

As between partners, the statute cannot run until there

has been a settlement as well as dissolution   1 Mad. Chan. 77, 78, 79.

The bill, in the present case, was prayed out by the orator in less than one year from the time the nonsuit was entered. This brings it within the proviso of the statute, sec. 9. *Phelps* v. *Wood,* 9 Vt. R. 399.

In chancery, a plea of the statute of limitations, in answer to a bill charging circumstances to take the case out of the statute, is no bar, unless it be supported by an answer denying or destroying the force of those circumstances. *Bloodgood* v. *Kane,* 8 Cowen, 360.   2 N. Y. Dig. p. 41.

The very object of the statute of limitations is to prevent parties sleeping upon their rights.   In short, to operate as a penalty for negligence.   The present case shows the greatest diligence on the part of the orators.

*R. Pierpoint* and *E. N. Briggs,* for defendant.

The statute of limitations is a bar to the claim of the orators.   4 Vt. R. 491.   *Id.* 85.

The statements in the bill, relating to the action of account in the circuit court, do not disclose any good reason why the plea of the statute of limitations should not be allowed.

This case does not come within any of the exceptions in the statute.

The commencement of the action, at law, cannot prevent the operation of the statute of limitations, because the defendant, from the commencement of that action, defended against it on the ground that he was not liable to account, and so the circuit court finally decided.

The orators, therefore, prosecuted that suit in their own wrong, and at their own peril ; for they might have filed their bill in chancery at any time, notwithstanding the action of account, for it would have been no bar to the bill ; therefore this case does not come within the equity of any of the exceptions. But, suppose this case, like the case of *Phelps & Bell* v. *Wood,* 9 Vt. R. 399, did come within the equity of some of the exceptions, it certainly was incumbent on the orators, if they intended to avail themselves of the exceptions, to have brought their bill within one year after the circuit court arrested the judgment on the report of the auditors, and decided that the action of account could not be maintained ;

RUTLAND
February,
1841.

Spear & Carl-
ton
v.
Newell.

whereas they did not file their bill until almost eighteen months after judgment, in fact, was rendered against them in the action of account.

If the orators chose to keep alive their action of account, after the court had decided against them, and then suffer a nonsuit, the legal effect of the pendency of that suit, (at least after such decision,) must be the same as an ordinary case of a voluntary nonsuit, which never prevents the operation of the statute of limitations.

What distinguishes this from an ordinary case of nonsuit? Nothing but the decision of the circuit court. Can the plaintiffs, then, after a decision against them, continue the cause, and thus protect themselves from the statute, any better than if they had brought a new suit at that term, and suffered a nonsuit at the next? The following authorities show that the exception, as to merchants' accounts, does not extend to accounts after they cease to be running accounts. 1 Maddock 98. 18 Ves. 286. 6 Johns, 200. 5 Cranch, 15. 6 Ves. 582. 2 Ves. 400. 6 T. R. 192.

If the claim is not barred by the statute of limitations, still a court of equity cannot afford to the orators any relief.

This court, in an action now pending between these parties, decided that the articles of partnership contained a provision equivalent to a promise, by the defendant, to pay the plaintiffs.

If the orators have the express covenant of the defendant to pay, why not commence their action, at law, on that covenant? Why come into a court of equity for an account? The circuit court has decided that they are not entitled to an account, and if they are not entitled to an account, at law, they are not entitled to it in equity, for, in matters of account, the jurisdiction of chancery is strictly concurrent with the courts of law.

If the defendant has not fulfilled his engagement, contained in the written contract, he is liable to an action at law for the damages, and a court of law can afford as ample a remedy as a court of equity. 13 Ves. 278, 279. Mitford's Pl. 108. 17 Ves. 328. 7 East, 353. 1 Maddock, 86. 2 Maddock, 330.

RUTLAND,
February,
1841.

Spear & Carl-
ton
v.
Newell.

The opinion of the court was delivered by

COLLAMER, J.—These parties were co-partners, the orators being jointly interested in one half of the partnership, and the defendant in the other. The orators were the active partners, the recipients of all the property and avails of the concern; but, it being an unprofitable and losing concern, there is a balance due the orators, from the defendant, and, to ascertain this balance, which has not been done, and to close the concern and recover the balance, this bill is filed.

The articles of co-partnership were not under seal, and, therefore, no action of covenant can be maintained. That an action of assumpsit cannot be maintained, at law, by one partner against another to recover an unliquidated and unsettled balance of a co-partnership business, has been too fully and frequently decided to be considered open to discussion. Gow on Partnership, 98. Collyer, 143, 144.

If, after a dissolution, a balance is struck and agreed upon by the parties, assumpsit may be maintained to recover it, on an implied promise to pay. 1 Holt's R. 368. Different rules have been adopted in different states, whether there must be an *express* promise to pay the balance; yet, all concur that it is only when the final balance has been adjusted that assumpsit can be maintained. Collyer, 153, note 45. To this rule, Massachusetts stands alone an exception. There, in the absence of a chancery jurisdiction, the court of law has gone farther than any other court of mere common law jurisdiction; probably influenced by the pressure of a necessity which does not here exist.

It has been fully settled, in an action of account, between these parties, that these orators, who were the active partners and received the whole property and avails of the copartnership, cannot maintain, at law, an action of *account* against the defendant to recover the balance of losses. It follows that the orators are *without remedy at law,* and are therefore, compelled to resort to chancery to adjust the balance of the concern and to recover of the defendant his proportion of the loss, when so ascertained.

The mere statement of the case shows the necessity of the bill, and shows, too, that it is not a mere bill for an account, which could be sustained at law. It is true that, in matters of account, generally, chancery has concurrent jurisdiction

with the courts of law ; and where the defendant is pursued, in chancery, for an account in any capacity in which he could be pursued at law, a bill will not be sustained where an action would not be. But, in this case, the bill is not addressed to the concurrent, but the peculiar and exclusive, jurisdiction of the court of chancery, in a case where the orators have a just claim, but are without a remedy at law. It is not a bill calling on the defendant to account. He has received nothing and, of course, has no account to render. It is a bill to settle and adjust a mutual account, between the parties, of a co-partnership transaction, which the defendant *will not* settle and which the law *cannot*.

The defendant insists on the statute of limitations of the action of account. The statute, in terms, applies only to *actions* at law, naming them, and among others the action of account. But, as already shown, this is not a bill for the defendant to account ; much less is it an *action* of account. But, a court of chancery will not enforce a stale claim. If it be a claim in which there are concurrent remedies, both at law and in chancery, and the statute of limitations has run at law, this would probably be a defence in chancery. If it is exclusively in chancery, the statute does not ever directly constitute a defence ; still, a court of chancery, to quiet a stale claim and discountenance laches in the claimant, will, from lapse of time, raise a presumption of adjustment or payment, in analogy to the statute of limitations, provided the case furnishes no evidence to rebut the presumption and satisfactorily account for the delay. This doctrine is well stated by *Phelps*, Chancellor, in *Wells et ux.* v. *Morse*, 11 Vt. R. 9, where he says ' the remedy, being in chancery only, no statute of limitations is applicable to the case.' ' If lapse of time is any bar, it must be in analogy merely to the statute, and, by force of a presumption ;' and he adds, ' no presumption can be made which is contradicted by the pleadings.'

This copartnership closed in 1829 ; but the orators were bound to sell the stock and collect the debts. When that was completed, so that a bill could have been filed, does not distinctly appear. But, in June, 1832, the action of account was commenced. Considering the business as all closed in 1832, the statute of limitations of the action of ac-

RUTLAND,
February,
1841.

Spear & Carl-
ton
v.
Newell.

count would have expired in June, 1838, which was three or four months before this bill was filed. In this lapse of time, in analogy to the statute, the court of chancery would presume, if nothing appeared to rebut that presumption, that the parties had settled this co-partnership account, and the defendant had paid any balance or loss, which had existed against him. Does any thing appear in the answer inconsistent with, and which therefore repels and prevents, this presumption. It appears that from 1832 to 1837 the orators were pursuing the defendant in an action of account to ascertain and recover this balance. The defendant, in his answer, insists, that during all that time he was resisting that action, not on the ground that he had ever settled, or that the concern had ever been settled, or that he had paid, but entirely on the ground that, as he had received nothing, no *action of account* should be sustained against him for contribution for loss. In the course of that action, the auditors found against him a balance of over two thousand dollars. That was rejected by the court, not because it was wrong or had been previously settled or paid, but, as the defendant says, because the action was not sustainable at law. Five years of the time insisted on to raise the presumpton of settlement is thus accounted for.

The statute of limitations will not run on a judgment while the debtor is in prison thereon, for his imprisonment repels any presumption of payment, while it continues. *Ferris* v. *Barlow*, 8 Vt. R. 90. Nor while a judgment remains apparently satisfied, for the same reason. *Hall* v. *Hall*, 8 Vt. R. 156. *Baxter* v. *Tucker*, 1 D. Chip. R. 355. It cannot be presumed that the defendant actually settled with the orators this account, and paid the balance, *before* the action at law, for if so, that would then have been his defence. Nor *during* the pendency of the action, as it was contested on entirely different grounds to its final determination. Deduct the five years thus accounted for, and it will leave no such period, before this bill was filed, as will create the required presumption. Nor can any inexcusable laches be imputed to the orators, who have so constantly, though unsuccessfully, pursued their claim.

In *Wells & wife* v. *Morse*, 11 Vt. R. 15, Phelps, Chancellor, says, " The doctrine of presumption, in chancery, is

in strict analogy to the statute of limitations. That court, it is true, applies the presumption in cases not within the statute, but never to cases excepted by the statute." In *Phelps & Bell* v. *Wood*, 9 Vt. R. 399, the court has given to the statute of limitations this construction; " that, whenever an action was brought, and the merits failed to be tried, without fault of the plaintiff," it is a case where another action may be commenced in a year thereafter, though, in the meantime the statute of limitations had run. That this is the fair interpretation of the statute, regardless of the particular manner in which the action terminated, even though it was by *nonsuit*, provided that nonsuit was not voluntary, but constrained by some decision of the court. The action, at law, between these parties, terminated in a nonsuit, constrained by a decision of the court that the claimants had mistaken their form of remedy; so, *the merits failed to be tried*, without fault of the plaintiffs. That action ended in October, 1837, and this bill was filed within one year thereafter. Something is said about that action having been continued one term after the court expressed its opinion. While that action was *pending*, it was a good excuse for not commencing this bill, and we cannot inquire why it was not terminated earlier. It is enough that the continuances were allowed by that court. If the orators commenced this proceeding within one year after the former action ceased to be pending, they are within the provisions of the statute.

Decree of the court of chancery reversed, plea disallowed, and the cause ordered to pass to the court of chancery to take an account, settle and adjust the same, and ascertain the balance, and decree the same to the party to whom it shall be found due.