### HORATIO WALKER *v.* LEONARD SARGEANT.

Where the plaintiff, in his plea to a declaration in offset, alleged that the debt in suit was assigned to an attorney and that such attorney had a lien thereon for costs, and the defendant, in his replication, traversed the allegation by alleging that there was no such lien or assignment *to the defendant's knowledge,* and it appeared that no notice of the lien and assignment was necessary to protect the rights of the attorney,—*it was held,* that such traverse presented an immaterial issue.

Duplicity in a plea cannot be taken advantage of on a general demurrer.

An assignment of a chose in action, not negotiable, will not prevent the defendant from offsetting demands against the plaintiff of record which were mature and actionable previous to the assignment.

An attorney has a lien upon a judgment in favor of his client and upon his client's papers, for his costs and disbursements. But such lien will not be protected against preexisting rights of third persons.

DEBT, upon a recognizance entered into by the defendant to the plaintiff, at the September term of the county court, 1834, conditioned that one John Wellman, who then had a suit pending in said court, in his favor and against the present plaintiff, should prosecute said suit to effect, &c.

The defendant pleaded *nul tiel record* and also a declaration in offset in five counts, as follows :

First count. And for further plea in this behalf, in pursuance of the statute in such case made and provided, by way of offset to the plaintiff's claim, the defendant declares against the said Horatio in a plea of the case, for that whereas the said Horatio, at Manchester aforesaid, on the 25th day of May, 1836, by his note under his hand of that date, for value received, promised the said Leonard to pay him the sum of twelve dollars and fifty-six cents, one day after date with interest.

Second count. Also for that whereas the said Horatio, at Manchester, on the 28th day of October, 1834, by his note

under his hand of that date, for value received, promised the said Leonard to pay him the sum of nine dollars and three cents on demand.

Third count. Also for that whereas the said Horatio, on the 17th day of November, 1835, at Manchester aforesaid, by his promissory note of that date, under his hand, for value received, promised the said Leonard to pay him the sum of twelve dollars on demand.

Fourth count. Also for that on or about the 2d day of April, 1834, one Silas Sutherland was indebted to the said Leonard in the sum of fifty dollars for divers services by the said Leonard before that time rendered for the said Silas, at his special instance and request, as a solicitor in chancery, in and about divers suits before that time instituted by the said Silas, and then pending before the court of chancery in the State of Vermont, for which the said Silas was then and there liable to pay to said Leonard, he, the said Horatio, on or about the said 2d day of April, 1834, by his written agreement, undertook and promised the said Leonard to pay and account to him, the said Leonard, for the amount of his, said Leonard's, claim and demand so due and owing to him, the said Leonard, from the said Silas as aforesaid, and then and there delivered the said written agreement to the said Leonard, whereby the said Horatio became then and there liable, in law, to pay to the said Leonard the said sum of money so due and owing to the said Leonard from the said Silas, as aforesaid, and being so liable, in consideration thereof, he, the said Horatio, then and there undertook and faithfully promised to pay the said sum of money to the said Leonard when he should be thereto afterwards requested.

The fifth count was for money had and received, money lent and advanced, services and labor performed, and goods sold and delivered.

(This case came before this court at the February term, 1839, on a motion in arrest of judgment, and judgment was arrested for the insufficiency of the fourth count.)

The plaintiff pleaded to the declaration in offset, 'that 'Serenus Swift, of Manchester, in said county of Bennington, 'is the legal owner of the said last mentioned demand spec-'ified in the said declaration, and has been ever since the 'existence of the same against him the said defendant, and

'not the said Horatio Walker ; that, at the time of the ren-
'dition of the said judgment specified and referred to in said
'declaration in favor of the said Walker against the said
'John Wellman, he had a legal lien and claim by reason of
'his prior services as an attorney, and moneys advanced in
'the prosecution of the said suit in which the said judgment
'was so rendered, as aforesaid, upon and more than the amount
'of the sums thereof as specified in the said declaration, to
'wit, the sum of —— dollars, and —— cents, all which
'was well known and understood by the said defendant, and
'also, because that after the rendition of the said judgment
'and the issuing of the execution thereupon against the said
'Wellman, to wit, on the 4th day of July, A. D. 1836, at
'Manchester, aforesaid, the said Walker, in consideration
'that he, the said Swift, had before agreed to apply and did
'then and there apply the sums of the said judgment and
'execution as aforesaid on and towards his the said Swift's
'services as an attorney and the moneys which he had so ad-
'vanced in the prosecution of said suit, as aforesaid, did then
'and there indorse, assign and transfer the said execution
'and the sums therein specified and expressed, to him, the
'said Swift, as his own, of which the said defendant then
'and there had due notice ; and the said Swift has, in con-
'sequence, and by reason of the premises, instituted and pro-
'secuted this suit hitherето for his own use, benefit and advan-
'tage, in the name of the said Walker, and has no conu-
'sance of the said demands so pleaded in offset by said defen-
'dant, which is and has been ever hitherto also well known to
'the defendant, all which the plaintiff is ready to verify.
'Wherefore he prays judgment,' &c.

Replication, 'that the said Serenus Swift is not, and has not
'been, to the knowledge of the said Leonard, the owner of the
'said judgment in favor of said Horatio against the said John
'Wellman, from the time of the rendition thereof, nor is the
'said Serenus the owner, nor has he ever been the owner, with-
'in the knowledge of the said Leonard, of the said supposed
'recognizance against the said Leonard ; nor had the said
'Serenus, to the knowledge or understanding of the said Leon-
'ard, any legal lien or claim upon the said judgment in favor of
'said Horatio against the said John Wellman, nor upon the
'said supposed recognizance against the said Leonard. by

' reason of the said Serenus' services as attorney, nor for
' moneys advanced in the prosecution of said suit against the
' said John, as set forth in the said Horatio's plea ; nor did the
' said Horatio, on the 4th day of July, 1836, nor at any other
' time within the knowledge of the said Leonard before the
' existence of said Leonard's claim in offset, or since, assign,
' indorse or transfer the said execution, or the sums thereon
' due, or the said recognizance to the said Serenus Swift, in
' manner and form as set forth, as in the said Horatio's plea
' to said Leonard's offset is alleged, and this the said Leonard
' prays may be inquired of by the country.'

To this replication the plaintiff demurred, generally.

The county court overruled the demurrer.

The fourth count in offset not being relied upon, by the
defendant, damages were assessed upon the other counts and
a balance found due from the plaintiff to the defendant, and
judgment was rendered by the county court in favor of the
defendant.

The plaintiff excepted to the decision and judgment of the
county court.

*P. Isham* for plaintiff.

The declaration in offset is defective upon general demurrer
in the following particulars.

1. It is not stated in either count, that the claims were due
and payable before the commencement of the plaintiff's ac-
tion.   Mont. on Set-Off, 35, 41.

2. The traverse is bad, presenting an immaterial issue.

3. On the merits of the case, we find the following facts
admitted by the general demurrer, viz : The amount of the
judgment for costs; that Swift was the attorney, and that
the judgment and recognizance belong to him by transfer
and lien as such attorney, and that his title and lien to the
same extend to the amount of the judgment.   But defend-
ant seeks to avoid such lien by stating that the facts were
not within his, the defendant's, knowledge.

The question then is, will the court protect such lien and
title of the attorney, against the offsets which are pleaded ?
That they will thus protect the lien ; see Mont. on Set-Off,
app. 12, 13, 14, 9 ; *Mitchel* v. *Oldfield*, 4 T. R. 163 ; *Ran-*

*dall* v. *Fuller,* 6 T. R. 466 ; *Glaister* v. *Hewer,* 8 T. R. 69 ; 4 Cowen, R. 416 ; 4 Paige R. 647 ; 6 Mod. 462.

Our courts have decided that the lien of an attorney exists,—the protection of this lien necessarily follows. 2 Aik. R. 166.

The question, whether the lien of an attorney extends to the recognizance, does not arise in this case, as the existence of the lien thereon, and to the amount of the judgment, is admitted by the demurrer and pleadings.

Notice becomes material only when protection is sought against subsequent payment made by the defendant to the plaintiff.

*Sargeant & Miner* for defendant.

The first question seems to be on the demurrer taken by the plaintiff to the defendant's declaration in offset. And here the defendant insists that the question is no longer open. The whole declaration was passed upon in this court. February Term, 1839. 11 Vt. R. 329.

Next in order is the plaintiff's multifarious plea to the declaration, claiming that this recognizance belongs to Serenus Swift ; first, by a pretended lien for attorney fees, in a suit where the present defendant was not a party, and, secondly, by a supposed assignment. *These issues were found for the defendant on the former trial.* 11 Vt. R. 329, before cited.

This plea, we insist, is bad, for it undertakes, informally, to tender several issues. Equitable liens of attorneys and assignees are always subject to the higher equity of offset. 2 Kent's Com. 641.

Next follows the defendant's replication, traversing, in detail, these new facts. To this traverse the plaintiff has waived his issue and now demurs *generally*.

Upon the general principal of pleading, which runs through all the books, if our traverse deny any one material fact alleged by the plaintiff, it is good pleading, however informal, unless demurred to *specially*. Gould's Pleadings, 463.

But further a defective traverse (if this be so,) can in no case be reached by a *general* demurer. 1 Chit. pl. 432, top

page. 5 Com. Dig. 464, pleader F. 22. 1 Saund. 207, note 5; Ib. 22, note 2; Ib. 14, note 2.

The only ground on which courts of law ever interfere to protect the lien of third persons, is that equity requires it. This case admits no such reason to exist, and if such equity did exist, it must yield to the higher legal and equitable right of offset. 2 Kent's Com. 641. *Vaughn v. Davies,* 2 H. Bl. 440. 6 Johns. Ch. R. 317. 12 Wendell, 261. 8 Johns. R. 357. 12 Mass. R. 195.

The opinion of the court was delivered by

ROYCE, J.—By the decision made in this cause, at a former term, it was undoubtedly intended to establish the sufficiency of the defendant's declaration in offset, except as to the count relating to the debt of Southerland. That count was adjudged insufficient. 11 Vt. R. 327. Treating the law of the case as settled thus far, the plaintiff's plea to that declaration, and the defendant's replication, are to be considered under the present demurrer.

The plea will be taken to have properly set forth a lien in favor of Swift, to the amount of the plaintiff's judgment against Wellman, with notice thereof to the defendant coeval with that judgment; and likewise to have alleged a valid assignment of the execution to Swift, in July, 1836, with notice to the defendant. The replication, professing to traverse the plea, contains no direct denial of the lien or assignment. It merely says there was no such lien or assignment *to the defendant's knowledge.* Now the only effect of notice to the defendant would be to deprive him of the benefit of any after payment to Walker in the one case, and to prevent the offset of demands *subsequently* accruing against him in the other. But, upon the defendant's declaration, he does not appear to seek the application of any such payment, nor the offset of any such demand. The fact of notice being therefore unimportant, the replication has only proffered an immaterial issue, since it virtually admits both the lien and assignment.

It remains to consider the sufficiency of the plea, as a defence to the declaration in offset. If it is objectionable for duplicity, that defect is not to be noticed upon this general demurrer. The question has not been made, whether an

assignment of the execution would carry with it the collateral security of the defendant's recognizance ; nor whether an attorney's lien upon a judgment, and the papers of his client, would entitle him, in a court of law, to the benefit of such a security. And since the defendant has not seen fit to contest the point, we shall assume, for the present occasion, that each would regularly have that effect.

As the assignment in this instance has not transferred the legal right of action, like the indorsement of negotiable paper, it obviously cannot preclude the defendant from off-setting mutual demands against Walker, the plaintiff of record, which were mature and actionable previous to the assignment. And as such appears to be character of the several demands claimed in offset, the assignment can avail nothing as matter of defence.

The existence of an attorney's lien for his costs and disbursements, upon a judgment recovered in favor of his client, as also upon the proceeds of such judgment, and on papers in his hands belonging to the client, has been always recognized in this state since the decision cited from the 2 Aikens. But the court have not before, to my knowledge, had occasion to consider whether such a lien should be protected against pre-existing interests of third persons. It is well known that the court of king's bench and common pleas, in England, for a long period prior to 1832, differed in opinion and practice upon this subject; the former uniformly holding the attorney's lien to be paramount to any right of set-off, whilst the latter as steadily and firmly held it subject to that right. The court of chancery inclined to the course of the common pleas. This would seem to be the prevailing pratice in New York. 15 Johns. R. 405. 2 Kent's C. 641. And I infer it to be the present doctrine in Connecticut, notwithstanding what is said in 1 Sw. Dig. 538. In *Rumrill* v. *Huntington,* 5 Day, 163, Trumbull, J. says, in giving the opinion of the court, ' But an attorney has no lien upon a judgment obtained ' in favor of his client, which can vary or affect the rights of ' a stranger.' It is also said by the court, in *Gager et al.* v. *Watson,* 11 Conn. R. 168, that 'the attorney's lien upon ' judgments is subject to the equitable claims of the parties in ' the cause, as well as to the rights of third persons, which ' cannot be varied or affected by such lien.' This is cited

and confirmed by the court in *Andrews* v. *Morse*, 12 Conn. R. 444.

It may be remarked, that, in most of the cases where the offset has been allowed, the question, was raised upon motion addressed to the equitable discretion of the court, and, in many, the claim sought to be offset had arisen during the progress of the principal suit ; whereas, in this case, the defendant's demands were antecedent to any vested lien of Swift, and the offset is claimed upon a regular and seasonable declaration, filed and prosecuted in strict conformity to the statute. We are not required, therefore, in adopting the principle of those cases, to go the length to which some of them were carried. It is enough to say, that we recognize nothing in this particular species of lien, which ought, in a case like this, to be interposed against a salutary provision of statute law. We think it clear that the lien here asserted should be held subordinate to the defendant's right of offset.

Judgment affirmed.