DAVID McDONALD *v.* JACOB SMITH.*

*Usury. Equitable Offset. Court of Chancery to Compel Offset.*

1. The plaintiff brought this action against the defendant to recover for usury paid to him on notes owned by him and his son. The notes had been sold, merged in a judgment in the name of the purchaser, repurchased, and the mortgage securing them foreclosed by the defendant and his son. The security proving to be less than the debt, and no offset allowable at law, the defendant and his son brought a bill in equity, praying that the excess might be offset to the usury, and prevailed in that proceeding; but no offset could be then made, as no counter claim was pending in that court; *Held*, that the defendant was entitled to have the amount which the notes exceeded the security offset to the usury.

2. ATTORNEY'S LIEN. An attorney's lien is subordinate to the right of set off, and subject to the equitable claims of the parties.

GENERAL ASSUMPSIT to recover usury. Pleas in bar and offset. Heard by the court, March Term, 1884, POWERS, J., presiding. Judgment for the plaintiff to recover $153.72,—the amount of the usury; and that his attorneys have a lien on the damages and costs for their fees. See *Jacob & Guy Smith* v. *David McDonald*, 56 Vt. 305, where is reported the suit in equity to compel this offset.

*Heath & Carleton*, for the plaintiff.

*J. A. & George W. Wing*, for the defendant.

The opinion of the court was delivered by

ROYCE, Ch. J. The writ in this case was made returnable to the September Term, 1877. The suit was brought to recover back usurious interest paid to the defendant on two notes, one for $3,500 and the other for $1,500. The usury paid on the $3,500 note was deducted from the decree obtained in proceedings brought to foreclose a mortgage given

---

* Heard, May Term, 1884, when ROYCE, Ch. J., was present.

to secure its payment. After the payment of the usury by the plaintiff, which it is found was paid on the $1,500 note, the defendant and son sold the note to J. W. Brown, and guaranteed the same. Brown sued the note and recovered judgment, but nothing was collected on the judgment; Smith and son then bought back the note and judgment and foreclosed the mortgage given to secure the same in their own name.

Smith and son brought a bill in equity returnable to the March Term, 1881, praying that the amount due on the judgment recovered in the name of Brown might be offset to the usury paid by the plaintiff. An answer was filed admitting all the facts set forth in the bill, and the chancellor granted the prayer of the bill, and ordered the case referred to a master to find the amount due on the judgment after deducting the value of the land. An appeal was taken from that order, and it was affirmed; and the master then proceeded to ascertain the amount due on the judgment and the value of the land, and reported that there was due on the judgment, after deducting the value of the land, on the 12th day of March, 1884, $768.40, and that the usurious interest paid by the plaintiff amounted on the 19th of April, 1884, to $153.72. That decision determined the right of the defendant to have the amount due upon the judgment, or as much thereof as might be required, offset against the claim made by the plaintiff on account of usury paid on the note.

The power of a court of equity to compel offsets that are not allowable at law has always been admitted; and it was because the offset claimed could not be made in the suit at law that the orators were compelled to ask the aid of a court of equity to compel it. The office of the bill was to ascertain if anything was equitably due to the orators that should be offset; and it having been ascertained that there was, it was competent for the court to direct when and how the offset should be made. *Ferris & Ferris* v. *Burton,* 1 Vt. 439; *Downer* v. *Baxter,* 17 Vt. 518. The offset could not be made

McDonald v. Smith.

in the equity suit; for there was no counter claim pending in that court, to which the offset could be applied. We regard what was done in the equity suit as equivalent to a direction that the offset should be made in this court.

It is claimed, that the attorneys of the plaintiff have a lien for the amount for which judgment would have been rendered, without any offset being made, which is superior to the right of the defendant to have it made.

When this suit was commenced the plaintiff was equitably indebted to the defendant in a sum much larger than the amount of the usury that the suit was instituted to recover back; so that the suit was instituted and has been prosecuted in the attempt to enforce an inequitable claim. The court in *Walker* v. *Sargeant*, 14 Vt. 247, adopted the rule that prevailed in the Court of Common Pleas in England, that an attorney's lien was subordinate to the right of set off, and was subject to the equitable claims of the parties in the cause. In *Mohawk Bank* v. *Burrows*, 6 Johns. Ch., it was held that an attorney's or solicitor's lien for his costs does not affect the equitable right of set off between the parties; that the lien extends only to the clear balance resulting from the equity between the parties. *See* 2 Kent Com. 641. The prevailing rule in the courts of this country seems to be that an attorney's lien is only co-extensive with the rights of his client. That rule is applicable here, and the right of set off must be held superior to the lien claimed by the attorneys.

The judgment is reversed, and judgment for defendant under his plea in offset for $614.68, with interest from March 12, 1884, and costs.