## MORRIS C. FAIRBANKS *v.* CHARLES J. DEVEREAUX AND ISAAC H. MESERVE.

*Set-off. Attorney's Lien. Assignment. Statute of Limitations.* R. L. ss. 915, 919.

1.  The right of set-off is superior to an attorney's lien, or to the rights under an assignment of an overdue debt.
2.  But a note cannot be offset when it was executed after the assignment and the accruing lien, although it was given for debts due before.
3.  STATUTE OF LIMITATIONS. When an irregular levy of an execution on real estate is vacated on *audita querela*, the Statute of Limitations does not begin to run on the original judgment until the execution and levy are vacated.

ACTION of debt upon two judgments rendered by the Supreme Court in Windsor County; one at the February Term, 1876, and the other at the February Term, 1879. Plea, offset; replication, Statute of Limitations; rejoinder. Trial by court, TAFT, J., presiding. Judgment for the defendants.

The defendants pleaded in offset one judgment rendered by the County Court, at the December Term, 1874. That term of court adjourned January 2, 1875. An *alias* execution was issued March 18, 1875, and a levy was made April 5, 1875. See *Fairbanks* v. *Devereaux*, 48 Vt. 550.

The writ in this case was dated February 18, 1884. The defendants in offset also offered a note, which was received, dated May 10, 1880, and given for $606.35. The defendants were allowed to prove that this note was given for four other notes, dated November 20, 1873. The levy was vacated February 24, 1876, on *audita querela*.

Fairbanks *v.* Devereaux.

*French & Southgate,* for the plaintiff.

We claim a lien only on the costs recovered in the suits in which we were attorneys for the plaintiffs. The judgments are for taxable costs. Equitably and legally the costs belong to the attorneys, and the plaintiffs never had any right to them. *Heartt* v. *Chipman,* 2 Aik. 162; *Hutchinson* v. *Howard,* 15 Vt. 544; *Weed S. M. Co.* v. *Boutelle,* 56 Vt. 570; *Hurlbert* v. *Brigham,* 56 Vt. 368; *Mitchell* v. *Oldfield,* 4 T. R. 123; *Randle* v. *Fuller,* 6 T. R. 456; Lord ELDON in *Hall* v. *Ody,* 2 Bos. & P. 28; *Cole* v. *Grant,* 2 Cai. 105; *Dunkin* v. *Vandenbergh,* 1 Paige, 622; *Terry* v. *Chester,* 53 N. Y. 240; *Mackey* v. *Mackey,* 43 Barb. 58; *Taylor* v. *Popham,* 13 Ves. 61.

The lien is paramount to any claim of set-off. *Rooney* v. *Second Ave. R. R. Co.* 18 N. Y. 368; *Ely* v. *Cooke,* 28 N. Y. 365; *Andrews* v. *Morse,* 12 Conn. 444; *Benjamin* v. *Benjamin,* 17 Conn. 110; *Dunklee* v. *Locke,* 13 Mass. 525; *Ocean Ins. Co.* v. *Rider,* 22 Pick. 210; *Hobson* v. *Watson,* 34 Me. 20; *Currier* v. *Boston, etc. R. R.* 37 N. H. 223.

The costs belong to the attorneys. SAVAGE, Ch. J., in *St. John* v. *Diefendorf,* 12 Wend. 261.

The judgment pleaded in set-off is barred by the Statute of Limitations. If it should be considered that the levy and set-off on the execution suspended the operation of the statute until the decision in the *audita querela* suit, the judgment would still be outlawed. *Day* v. *Lamb,* 7 Vt. 426; *Bradish* v. *State,* 35 Vt. 452.

The note could not be offset. *Wait* v. *Brewster,* 31 Vt. 516; *Farr* v. *Stevens,* 26 Vt. 299.

*Norman Paul,* for the defendants.

The right of set-off is superior to the attorneys' lien. ROYCE, Ch. J., in *McDonald* v. *Smith,* 57 Vt. 502; Wat. Set-off, 417; 2 Kent Com. 444; *Gager* v. *Watson,* 11 Conn. 168; *Mohawk Bank* v. *Burrows,* 6 Johns. Ch. 317; *Vaughan* v. *Davies,* 2 H. Bl. 440.

All claims due at the time of assignment may be offset. Wat. Set-off, 118; 1 Pars. Cont. 199; R. L. s. 918.

The statute commenced to run only from the time when said levy was set aside. *Baxter* v. *Tucker,* 1 D. Chip, 353; *Ferriss* v. *Barlow,* 8 Vt. 90; *Hall* v. *Hall,* 8 Vt. 156; *Spear* v. *Newell,* 13 Vt. 288; *Phelps* v. *Wood,* 9 Vt. 399; Wat. Set-off, 114; *Walker* v. *Sargeant,* 14 Vt. 247.

The opinion of the court was delivered by

Ross, J. This suit is brought on two judgments in favor of the plaintiff against the defendants, for costs in suits in which he prevailed. These judgments, as between the plaintiff and his attorneys in these suits, belong to the attorneys, both because of their assertion of their lien as such attorneys, with notice thereof to the defendants through their attorney of record, and because of assignments of the judgments by the plaintiff to the attorneys. The suit was instituted, and has been prosecuted by, and for, the benefit of the attorneys. At the time of the recovery of these judgments the plaintiff was indebted to defendants for a balance due on an earlier judgment in their favor against him —unless the same had become barred by the Statute of Limitations, of which we shall speak hereafter—greater than the amount of the two judgments in favor of the plaintiff. The defendants have pleaded the judgment in their favor in offset, and claim thereby to offset the balance due, against the two judgments in favor of the plaintiff, and to recover judgment in their favor for the excess of such balance.

I. The attorneys, having such lien and assignments of the two judgments in favor of the plaintiff, contend that the defendants have no legal right to offset in this suit, the balance of the judgment in their favor against the plaintiff, although such balance was due them from the plaintiff at the time of the recovery of the two judgments in his favor. Revised Laws, s. 915, in force at the time of the recovery of

all of these judgments, give the defendants the right to have sufficient of the balance due them on the judgment in their favor, offset to the amount due the plaintiff on the two judgments in his favor to extinguish the two latter judgments, and to have a judgment in their favor for the excess of such balance, unless such right is defeated by the attorneys' lien and assignments. The contention is whether this statutory right is defeated by the lien of the attorneys. The assignments of the judgments would not defeat this right, as they were assignments of overdue non-negotiable claims, made subsequently to the time when the defendants' right of offset under the statute accrued. The decisions of the courts of other states, to the effect that an attorney's lien is superior to a defendant's right to offset a claim which antedates the lien, can furnish no aid in determining this question against the decisions of this court.

As we understand, the decisions of *Walker* v. *Sargeant*, 14 Vt. 247, and *McDonald* v. *Smith*, 57 Vt. 502, have settled this question in this State in favor of the defendants. The first named decision, while recognizing to its full extent the right of an attorney to a lien upon a judgment, which he has been instrumental in recovering, and to the fruits of such judgment, for the payment of his reasonable costs and disbursements, against his client, and against any assignment thereof by his client, holds that the right secured to the defendant by the statute to offset to such judgment claims which he then holds against such plaintiff, is paramount to such attorney's lien. In closing the opinion, Royce, J. says: "It is enough to say that we recognize nothing in this particular species of lien, which ought, in a case like this, to be interposed against a salutary provision of statute law. We think it clear that the lien here asserted should be held subordinate to the defendant's right of offset." The facts of that case did not, in principle, make a case, so far as it relates to the question under consideration, different from those in the case at bar. The principles then an-

nounced have remained the unquestioned law of the subject from the time of its rendition in 1842 to the present time. The statute in regard to the right of a defendant to offset contract claims existing in his favor before and at the time the attorney's lien first became perfected, has remained substantially unchanged. This court re-announced and affirmed the doctrine declared in *Walker* v. *Sargeant, supra,* in *McDonald* v. *Smith, supra.* After the long time, in which it has been understood to be the law of the State, that the statutory right of offset is paramount to an attorney's lien, now to hold the contrary would savor of judicial legislation. It is much preferable to leave that work to its legitimate tribunal, the legislature. There was no error in the judgment of the County Court on this branch of the case.

II. But the attorneys for the plaintiff have pleaded the Statute of Limitations to the defendants' declaration in offset on the judgment before mentioned, and contend, that their right to offset the balance due on that judgment was, at the commencement of the plaintiff's suit, thereby barred. The judgment declared on by the defendants in offset was recovered at a term of court ending, January 2, 1875. This suit was commenced February 18, 1884. More than eight years elapsed between the rendition of the judgment and the commencement of this suit. But for the balance now claimed to be due on this judgment, an *alias* execution was issued March 18, 1875, and levied upon real estate April 5, 1875. This levy remained in force, and the execution and judgment apparently satisfied, until February 24, 1876, when upon *audita querela*, the execution and levy were adjudged irregular and vacated, as shown by the case reported in 48 Vt. 550. That judgment held the execution and levy voidable, and not void. Hence, while the levy remained in force, the execution was apparently satisfied. If the plaintiff had not interposed by the suit of *audita querela* it would have remained satisfied. The plaintiff does not seriously

contend, that, for the time the judgment was thus satisfied, the statute run upon the judgment. It is well settled that such time is to be deducted in ascertaining the eight years necessary to bar the judgment. *Baxter* v. *Tucker*, 1 D. Chip. 353; *Ferriss* v. *Barlow*, 8 Vt. 90; *Hall* v. *Hall*, 8 Vt. 156; *Spear* v. *Newell*, 13 Vt. 288; *Phelps & Bell* v. *Wood*, 9 Vt. 399.

But he contends, that the time intervening the rendition of the judgment and the levy is to be added to the time subsequent to vacating the levy, and thereby the eight years necessary to bar the defendants' right to enforce the judgment by suit had elapsed. On the contrary the defendants claim that the statute had run on the judgment only from the rendition of the judgment vacating the execution and levy. A careful examination of the cases last cited, shows that the defendants' contention is correct, also, on this point. The cases all hold that sec. 956 R. L., enacting : "Actions of debt and *scire facias* on judgment shall be brought within eight years after the rendition of such judgment," is not to be construed literally, but that a new promise, or any other fact that clearly rebuts the presumption of payment during the existence of such fact, suspends the operation of the statute, and that the statute commences running anew from the time of the new promise, or cessation of the operation of such fact. It has been held that the imprisonment of the debtor on the execution, being in law a satisfaction of the judgment, so long as the imprisonment continued, suspended the running of the statute, and that the statute only commenced to run anew from the time of the discharge of the judgment debtor from prison. *Ferriss* v. *Barlow, supra*. The same has been held in regard to the effect of a former suit which failed from being incorrectly brought. *Spear* v. *Newell, supra*. In *Hall* v. *Hall, supra*, the doctrine is announced that, when the levy of the execution is upon property which, in the end, it turns out that the judgment creditor cannot hold, the

statute runs only from the time when it is judicially determined that the levy is unavailing to satisfy the judgment. The language of that decision covers the case at bar. But it does not appear that the party interposing the statute bar, claimed to tack the time, between the rendition of the judgment and the levy, to the time, subsequent to the adjudication vacating the levy. On the principle, on which these decisions are made to rest, that the presumption of payment is rebutted, by levy, for the time the levy is allowed to remain in force, we think it is clear that the time between the rendition of the judgment and the levy cannot be used as any portion of the time in which the statute has run on the judgment creditor's right of action. This is made clear by the decision in *Spear* v. *Newell, supra.* In that case the plaintiffs had brought a prior suit, an action of account, against the defendant as a partner. The defendant had prevailed in the suit, on the ground, that he was not the *receiving partner*, and hence not liable in an action of account. Of this action, as repelling the presumption of payment, COLLAMER, J., says, "It cannot be presumed that the defendant actually settled with the orators this account, and paid the balance *before* the action at law, for if so, that would have been his defence; nor *during* the pendency of the action, as it was contested on entirely different grounds to its final determination." It was held that the statute run only from the termination of the action at law. The same reasoning applies to the facts in this case. It cannot be presumed that the plaintiff paid the balance due on the execution before the irregular levy, as there would then have been nothing due thereon, on which to predicate the levy, nor while the levy remained unvacated; because during that time the judgment and execution were apparently satisfied. We think the case might be made to stand on the ground that the plaintiff, by the suit in *audita querela*, recognized the balance due on the judgment for which the levy was made, as a subsisting obligation against him; in

that, he asked to have the levy vacated, not on the ground that he had paid the debt, but on the ground that the execution was irregularly issued, and irregularly satisfied, out of his property. But whether that suit was a recognition of the balance due on the judgment as a subsisting indebtedness against him, or that it repelled the presumption of payment of such balance, we think it is well settled by the decisions that the statute began to run on such balance only from the judgment in the suit of *audita querela* vacating the irregular execution and levy. Hence the judgment of the County Court, that the Statute of Limitations could not avail against the balance due the defendants on judgment was also correct. This would give the defendants a judgment for a balance, after satisfying the two judgments in suit in favor of the plaintiff.

III. The determination of the foregoing points in favor of the defendants, renders the consideration of the right of the defendants to offset the note against the lien of the attorneys immaterial. The defendants have the right to recover the note in offset against the plaintiff. This sec. 915 R. L., in terms, gives to the defendants. The note is of later date than the assignments of the judgments to the attorneys. The defendants' right of action for the recovery of the note, although the consideration was the surrender of notes that have dates earlier than the plaintiff's assignments of the two judgments in his favor, accrued to the defendants subsequently to such assignments, and hence by the terms of sec. 919 R. L., could not lawfully be offset against the assignees of those judgments. But inasmuch as the two judgments assigned are satisfied by the earlier judgment in favor of the defendants, the attorneys, the assignees, have no right, or interest to object to a recovery on the note by the defendants against the plaintiff, in offset.

The judgment of the County Court is affirmed.