Per Curiam.

We cannot perceive any objection to the principles upon which this action is founded, or to the evidence which produced it.
As to the first objection made at the trial, but which has not been urged in the argument, that the contract, as proved, was usurious, because the defendant’s testator, who advanced the money, secured the principal and legal interest by promissory notes, besides holding the plaintiff to pay over one half the profits ;—it is a sufficient answer, that, this action being for money had and received, [ * 36 ] the plaintiff would * be entitled to recover a larger sum than the verdict gives him, for the excess beyond legal interest which he has paid over to the defendant’s testator. Possibly the ground of usury might have been a good defence against the notes of which the executor demanded payment, and which the plaintiff has honorably paid. He claims in this action nothing more than appears to be his due upon a fair statement of his accounts by auditors agreed upon by the parties.
As to the form of the action, we see no difficulty. If the common law principle should prevail, that one partner can maintain no action but account against his copartner, still, it would not follow, that, after the copartnership accounts are closed, an action of assumpsit will not lie for one who has paid over by mistake more than *39 his partner was entitled to receive ; and that is the ground of the present action. The case of Brigham vs. Eveleth (1) is a sufficient authority for this purpose, if authority be wanting. But we do not consider the preexisting partnership as in any degree affecting this demand of the plaintiff, the partner being dead, and the account be tween them having been settled. In this case, too, it is observable, that the objection is merely formal; for, by the appointment of auditors under an agreement of. the parties, every advantage of the action of account has been enjoyed by the defendant, without the inconveniences to which that action is liable. †

Judgment on the verdict.

 9 Mass. Rep. 538.

 The Court,in giving judgment, assume what the report of the case does not warrant. The money was, as it should seem, paid by the plaintiff to the executor of his copartner on being threatened with a suit, while it remained doubtful whether it were due or not; and the action was brought before the copartnership accounts had been entirely adjusted. See note to Brigham vs. Eveleth, 9 Mass. Rep. 542, 3d ed. — Bovill vs. Hammond, 6 B. &. Cr. 151.— Holmes vs. Higgins, 1 B. Cr. 74. —Fromont vs. Coupland, 2 Bingh. 170. — Smith vs. Barrow, 2 D. & E. 476. —Harvey vs. Crickett, 2 M. & Selw. 340. — Foster vs. Alanson, 2 D. & E. 479. — Henley vs. Soper, 2 M. & R. 153. — 8 B. & Cr. 16. — Rackstraw vs. Imber, Holt, N. P. C. 368. — Robson vs. Curtis, 1 Stark N. P. C. 78. — Coffee vs Bryan, 3 Bingh. 54.
[Fanning vs. Chadwick, 3 Pick. 420 —Collyer on Partnership, 152-4, and note — Williams & al. vs. Henshaw al., 11 Pick 79. — Ed.]