JUDD & HARRIS *vs.* HARVEY WILSON.

ADDISON,
January,
1834.

When a partnership consists of three persons, an action on book cannot be brought by two against the other, for property of the firm received by him, during the existence of the partnership, although an account of the same is kept on the partnership books.

Semb., That no action can be maintained in such a case, until an adjustment of the whole partnership deal, and that this adjustment cannot be made in a suit at law.

Nor will the dissolution of the partnership, and an award or agreement that two shall have all the debts due, enable them to maintain an action on book against the other partner for goods charged to him on the partnership books.

An award of arbitrators, adjusting a partnership concern, extinguishes all claims of the individual partners against each other, growing out of the partnership.

This was a declaration on book account, filed in offset to a suit of the defendant against the plaintiffs, agreeably to the statute.

Upon the trial before the auditors, the plaintiffs exhibited a large account, which was disallowed by them, and in their report make the following statement of facts, and grounds of their decision in the cause :

It appeared to the auditors, that on the first day of January, 1821, the said Eben W. Judd, Harvey Wilson and Lebbeus Harris, entered into a co-partnership in business in manufacturing and selling marble.—That said partnership continued, constituted of the three persons above named, from the said first day of January, 1821, until the first day of July, 1826, when it was dissolved, as hereinafter mentioned.—That within two or three years next before said dissolution, said company had formed an establishment for carrying on the same business at Auburn, in the state of New-York, of which Wilson, one of the partners, took the principal management.—That on the first day of July, 1826, said partnership was dissolved by an award of arbitrators mutually chosen by said Judd & Harris of the one part, and said Harvey Wilson of the other part—a copy of which award is as follows, viz :

" In adjusting the partnership heretofore existing between Eben W. Judd, Lebbeus Harris and Harvey Wilson, we, the undersigned, after taking every thing into consideration as exhibited, and from statements as admitted by the parties, have agreed that the partnership shall be closed in the following manner, to wit : The said Judd & Harris shall retain and have all the property of

ADDISON,
January,
1834.

Judd & Harris
vs.
Wilson.

said firm of Judd, Wilson & Harris in Middlebury, and pay all debts due from, and receive all debts due to said firm at Middlebury, and pay to the said Wilson the sum of one hundred and fifty dollars in marble, at the wholesale cash price; and the said Wilson shall retain and have all the company property at the Auburn concern, and is to pay all debts against, and receive all debts due to said concern contracted at Auburn, and is to retain all his furniture except the Canada stove set in the house now occupied by said Harris.

(Signed)     JOSEPH HOUGH,      }
                 WIGHTMAN CHAPMAN, } *Arbit'rs.*

Middlebury, July 1st, 1826."

The auditors further find, that generally no account was made on the partnership books against either of the partners, previous to the first of January, 1824—after that period, charges were made on the company books to a considerable amount against each individual partner, and continued down to the time of the dissolution of the partnership.

The auditors further find, that all the items of charge exhibited by the plaintiffs, were charged on the partnership books of Judd, Wilson & Harris, during the continuance of said partnership.

The auditors further consider, that if the plaintiffs are by law entitled to recover in this form of action, they are entitled to recover the amount of said acccount exhibited as above.

But the auditors consider, first, That the plaintiffs are not entitled to recover in the action on book on a partnership account against the defendant, one of the partners, even after a dissolution of the partnership. Secondly, in construing the award of the arbitrators aforesaid, the auditors consider that all claims existing between the partnership and defendant, which accrued during the continuance of the partnership, were embraced in, and settled by said award, and that the plaintiffs are not entitled to recover of the defendant any part of said account.

Upon exceptions being taken in the county court to this report, it was affirmed. And exceptions being taken to this decision, the cause now comes here for revision.

*Bates for defendant.*—From the statement of the case it is obvious, admitting the amount to be due from Wilson,

ADDISON,
January,
1834.

Judd & Harris
vs.
Wilson.

that an action on book cannot lie. The remedy must be by an action to account or a bill in chancery; probably the last. Even had Wilson agreed that the amount should be paid to Judd and Harris, the remedy must have been by an action on contract or a bill in chancery. A partnership account between them cannot by contract be converted into a book account in favor of two against one. Such rights are not assignable by law. A man cannot purchase a book account and sue it in his own name. A sufficient objection also to this action arises from the indisputable fact, that when the articles were delivered no right to charge them on book existed. 1 Aiken, 73—Rawson vs. Davis. In the second place, it is impossible to consider the situation of the parties, and the language of the award, without perceiving that the award covers this account and settles the controversy.

The partners were about to dissolve. Wilson was to have the Auburn concern, and Judd and Harris retain the property and the business at Middlebury. They evidently looked to the award as the means of a final settlement. And how, it may be asked, could the arbitrators have arrived at the conclusion that Wilson was entitled to $150, without adjusting these accounts? Indeed, what could these partners have had to submit but their partnership dealings and accounts? The language of the award is also strong. It begins with the words, " in adjusting the partnership," and goes on, " have agreed that the partnership should be closed in the following manner." All this is inconsistent with the supposition that these accounts are not embraced in the award, and in either point the action cannot be maintained.

*Wooster for plaintiffs.*—The plaintiffs contend that their action is sustainable, although they were once partners with the defendant. It is totally immaterial how the concerns of a partnership are settled so as to enable one partner to sustain an action against another partner, whether as in this case by award of arbitration, or by a decree of a court of chancery. After the concerns of a partnership are settled, so that each partner knows what belongs to him, any partner may bring an action against another who withholds from him his due, although one partner cannot

ADDISON,
January,
1834.

Judd & Harris
vs.
Wilson.
maintain an action against another, while the partnership accounts remain unliquidated. It is otherwise where the accounts have been settled and a balance struck, or where one insolated transaction alone remains.—Starkie's Ev. 1082.—2 Vt. Rep. 479.—12 Mass. Rep. 34.

Where an account is taken at a dissolution of a partnership, assumpsit will lie without proof of an express promise.—3 Sargeant and Louber's Rep. 132—*Renshaw* vs. *Imber*.—Starkie 1088.

Action on book is a concurrent remedy with assumpsit. Swift's Dig. 583.

The general rule is that the party whose legal right has been affected must bring the action.—Chitty's Plea. 1.

If the interest of a tenant in common is separate, and the interest of the others is joint, there would be two parties and the action of account would lie.— *Wiswell* vs. *Wilkins*—4 Vt. Rep. 137.

In this case by the award the interests of the partners were secured, the plaintiffs became one party in interest jointly, and the defendant had a several interest, and of course this action will lie.

As to the second point in this case, the plaintiffs contend that the auditors erred in giving a construction to the award as to its effect upon the plaintiffs' account against the defendant. The auditors say, " in construing the award of the arbitrators, the auditors consider that all claims existing between the plaintiffs and defendant, which accrued during the continuance of the partnership, were embraced in and settled by said award." The plaintiffs contend that the award settled the concerns of the partnership, and assigned to them as one party their proportion of the property, and among the rest all the debts due the firm in Middlebury, one of which was the debt or account due from the defendant to the firm in Middlebury, to recover which the plaintiffs have filed their said declaration.

The opinion of the court was pronounced by

WILLIAMS Ch. J.—In this action it appears that the auditors reported in favor of the defendant, Wilson, on two grounds. First, that the articles charged and claimed against him were not recoverable in an action on book ;

and, second, that the claim for them was settled by an award of arbitrators.

Judd, Harris and Wilson were partners from January, 1821, to July, 1826. It appears to have been a partnership consisting of three parties; and it also appears, that, previous to January 1, 1824, no accounts were kept on the partnership books, against either of the partners; but that after that time charges were made and continued to be made against each of the individual partners on the company books to the time of the dissolution of the partnership. The object of this undoubtedly was, to ascertain what sum each took out of the partnership, to be adjusted on the final adjustment of their concerns. But it does not appear ever to have been considered that these charges constituted a claim or account against the individual charged, to be paid or settled by him at any stipulated time. It is obvious, therefore, that no action could be maintained by two of the partners against the other for any articles charged against him, during the existence of the partnership; and they certainly could not have maintained an action on book, if there had been any stipulation in the articles of agreement that each should settle and pay his account with the partnership at any given period. As there appears to have been no agreement to this effect, these charges constituted no claim against the individual partner, who would be indebted only on the ground that he received more than his share when the whole concern was adjusted; and as here were three partners, this concern could only be adjusted in chancery and could not have been adjusted in an action of account. *Wiswall vs. Wilkins,* 4th Vt. Rep. 137. The dissolution of the partnership and the award did not change the remedy which either of them might have against the other for any thing accruing during the partnership, much less could it give one an action on book against the other, when no such action could be brought before. If this claim was not adjusted, and any thing is due thereon to Judd and Harris from Wilson, it must be sought for by some more appropriate remedy than an action on book, probably by a bill in chancery. If this claim had been particularly awarded to Judd and Harris, or if the arbitrators had intended and

ADDISON,
January
1834.

Judd & Harris
vs.
Wilson.

declared that it should be paid to them, the remedy therefor must have been either an action of assumpsit or an action on the award itself, and not an action on book. This view of the case is fatal to the action of Judd and Harris, and justifies the determination of the auditors and the judgment of the county court thereon. On the second ground taken by the auditors it is equally clear that there is no foundation for this action.

This account, when charged and during the continuance of the partnership, was not a debt or demand due from Wilson to Judd and Harris, and would not constitute any claim against him, unless on an adjustment of their partnership it should be found that he had received so much more than his share. It could not therefore have been awarded to Judd and Harris under the general terms adopted in the award, that they should "receive all debts due to said firm at Middlebury." The arbitrators, in order to ascertain the sum due to Wilson, and which they awarded him, must have taken into consideration all the claims against each individual partner, which were on the partnership books; and when they awarded a sum to be paid to Wilson, it was a sum due after paying all claims which the firm had against him.

The legal effect of their award (and an adjustment or arrangement by the parties made and expressed in the same terms which are used in the award would have been to the same effect) is to extinguish and settle all and every claim or demand growing out of, or accruing from the property or money of the partnership received by either during its existence, and not fraudulently concealed from the other partners. The amount of the charges for which this action is brought was embraced in the settlement and award made by the arbitrators, and Judd and Harris can have no claim, therefore, against Wilson. On both grounds the decision of the auditors was correct, and the judgment of the county court accepting their report must be affirmed.