JOHN G. CHASE & *al. versus* STEPHEN GARVIN.

While a partnership exists or remains unsettled, no action at law can be maintained by one partner against another, except an action of account or of assumpsit on a promise to account.

After a partnership has been dissolved and its concerns adjusted and a balance found due from one to the other — and the accounts have been settled and one has by mistake paid to another more than his due, assumpsit will lie to recover such balance, or to correct such mistake.

Where the error is merely in figures or in the adoption of a wrong principle in the settlement, the amount really due may be recovered, leaving the dissolution and settlement otherwise unaffected.

But where the interest of one partner in the partnership property has been purchased by the other for a gross sum, which purchase was effected by fraud and deception, the party defrauded may repudiate the contract *in toto* and open the account anew — in which case his remedy is in a Court of Equity.

EXCEPTIONS from the District Court.

This was an action of assumpsit. It appeared in evidence that the plaintiffs, constituting the firm of John G. Chase & Co. had formed a copartnership with the defendant under the name of Stephen Garvin & Co. which had been dissolved — that after the dissolution, the defendant made, as he said, a full, true and accurate exhibit of the debts of the copartnership — and of the several balances and notes due the firm — the lumber and other property on hand, for all which, deducting the estimated amount of debts due from the firm, he offered the sum of nine hundred dollars — which offer was accepted by the plaintiff, and subsequently the stipulated amount was paid.

After this sum had been paid, the plaintiffs offered evidence of the admissions of the defendant that he had made about six hundred dollars by the settlement above stated — and on inquiry stated that he had under estimated the lumber on hand and had kept back between three and four hundred dollars in money belonging to the firm, assigning as a reason for so doing that the plaintiffs had not called for any money.

Upon this evidence, WHITMAN J. before whom the cause was tried, ruled that the plaintiffs had no remedy upon these facts in a court of law but only in a court of equity, and or-

dered a nonsuit. To which ruling and order, exceptions were filed and allowed.

*D. Goodenow*, for the plaintiffs, argued that there was a full settlement of the affairs of the firm except as to the money fraudulently withheld. 1 Story Eq. § 665, 666 — that the dissolution was a severance of the joint funds — and that assumpsit would lie for the plaintiffs' share of the balance withheld. Collyer on Partnership, 147, 8, 9. *Jones* v. *Harraden*, 9 Mass. R. 540; *Bond* v. *Hays*, 12 Mass. R. 34; *Wilby* v. *Phinney*, 15 Mass. R. 116; *Fanning* v. *Chadwick*, 3 Pick. 420; *Brinley* v. *Kupfer*, 6 Pick. 179; *Williams* v. *Henshaw*, 11 Pick. 79.

*N. D. Appleton*, for the defendant. The plaintiff's only remedy is in equity. Collyer on Partnership, 143–7, 153; *Chandler* v. *Chandler*, 4 Pick. 78. Assumpsit will not lie except on an express promise after the settlement of all concerns. *Harrington* v. *Fry*, 2 *Bing*. 179.

The plaintiffs by this suit would disaffirm the settlement. If disaffirmed, there must be a new adjustment on equitable principles. They cannot hold on to the settlement and at the same time repudiate it for the purpose of recovering the money withheld.

The opinion of the Court was delivered by

WESTON C. J. — While a partnership exists, or remains unsettled, no action at law can be maintained by one partner against another, except an action of account, or of assumpsit on a promise to account. *Wilby & al.* v. *Phinney*, 15 Mass. R. 116. This doctrine is well established, and is conceded by the counsel for the plaintiffs. But where the partnership has been dissolved, and its concerns adjusted, a suit at law may be maintained for a balance found due from the one to the other. So where in such case, the accounts have been settled, and one has by mistake paid to another more than was his due, it has been held, that it may be recovered back in an action of assumpsit. *Bond* v. *Hays*, 12 Mass. R. 34.

In the case before us, there was no settlement of the partnership accounts, but the defendant purchased out the interest and claim of the plaintiffs for a gross sum. There is reason to believe from the evidence, that in the exhibits and statements made by the defendant, which led to and occasioned this arrangement, he was guilty of fraud. If the plaintiffs have sustained an injury from this cause, they may repudiate the contract and open the account between the parties. They are not bound by a contract, based in fraud and deception, on the part of the defendant. If an account had been stated, in which there was a manifest error in the figures, or in the principles upon which it was adjusted, the amount really due to the plaintiffs might be recovered in assumpsit, leaving the dissolution and settlement otherwise unaffected. But here was no adjustment of accounts. What might be realized from the partnership funds, was a matter of conjecture. A deduction was made for debts due, supposed to be bad or doubtful, and an allowance was made for responsibilities thrown upon the defendant. The whole affair is infected with fraud, and the remedy is in opening it for further investigation. The extent of the plaintiffs' injury can then be ascertained, and such relief afforded them, as the justice of the case requires. As it was presented in evidence, the opinion of the Court is, that the nonsuit was properly ordered.

*Exceptions overruled.*