# BELKNAP.

## JULY TERM, A. D. 1845.

BURNHAM *v.* HOPKINSON & TRUSTEE.

Where a copartnership has been dissolved, but the partnership accounts are unsettled, and there is a question between the copartners as to which is indebted to the other, that question cannot be tried upon trustee process, and that process cannot be maintained against one partner to reach a balance which it is supposed will be due to the other partner upon a settlement of the partnership accounts.

FOREIGN ATTACHMENT. The plaintiff elected to try the question of the liability of the trustee by the jury, after which the parties agreed upon the following statement of facts:

Hopkinson, and Sibley, the trustee, were formerly copartners in trade, and the partnership was dissolved in the month of October, 1836. In the month of June, 1837, Hopkinson absconded. No settlement was ever made between the partners.

The plaintiff alleges that there is a balance in the hands of the trustee after a settlement of the affairs of the partnership. The trustee alleges that there would be a balance due him if the affairs of the partnership were settled. The question whether the trustee could be any farther held, under the circumstances, and an investigation made into the affairs of the partnership, was submitted to the determination of this court.

*Hazelton,* for the trustee. The principal defendant and

the trustee had been copartners.    This is not the process
to reach a settlement of the partnership accounts.

Lyford, for the plaintiff.

PARKER, C. J.    It is quite clear that this is not a case
in which the liability of the trustee can be tried by a jury.
According to the statement, it would involve the investi-
gation of the whole of the partnership accounts and
transactions, for the purpose of ascertaining the balance ;
a matter which is never submitted to a jury.

And this shows, also, that this process cannot be main-
tained, against the partner summoned as trustee, for trial
in any other shape.    He cannot in this case undertake to
settle the partnership accounts, which as yet remain un-
settled.    The remedy for the adjustment of the partner-
ship accounts is in equity ; and if the plaintiff is entitled
to have the accounts adjusted, in order that he may reach
.the supposed interest of his debtor, his remedy is equita-
ble and not legal.    Chase v. Garvin, 19 Me. 211 ; Canfield
v. Hard, 6 Con. 180 ; Estes v. Whipple, 12 Vt. 373 ; Carl-
ton v. Newell, 13 Vt. 283 ; Hoyt v. Smith, do. 129 ; Burley
& a. v. Harris, 8 N. H. Rep. 233 ; Morrison v. Blodgett,
do. 238 ; Atkins v. Prescott, 10 N. H. Rep. 120 ; Harris v.
Wilson, 6 Vt. 185.

                                    Trustee discharged.