JOHN P. WARREN v. EMORY WHEELOCK, Executor of PAUL
WHEELER.

In an action of account between partners, the plaintiff is only entitled to recover
for a balance due him on the adjustment of all the partnership dealings.

APPEAL from the probate court. The plaintiff declared in ac-
count, in common form, for an adjustment of the dealings between
himself and the testator, Paul Wheeler, as partners, and also de-
clared in book account. Judgment to account was rendered, and
an auditor was appointed.

The auditor reported that there was due to the plaintiff, on book
account, one dollar and twenty one cents. In relation to the action
of account the auditor reported, that the plaintiff and the testator,
from 1820 to 1833, were copartners in the practice of medicine and
surgery, under an agreement, that each partner should furnish an
equal amount of capital, and perform an equal amount of business,
and share equally in the profit and loss of the business; that the
partners had settled their partnership accounts to January 1st, 1828;
that from 1828 to 1833 the plaintiff performed much the greater
proportion of the labor of the firm, the value of the excess above his
share amounting, with interest to the time of audit, to the sum of
$1199,40; and that the plaintiff had expended, during the existence
of the copartnership, for the benefit of the firm, various sums of
money, one half of which, with interest, amounted to $469,73.

The auditor farther reported, that no accurate *data* were fur-
nished to him, by which he could arrive at any satisfactory result as
to the true state of the partnership account; that no account had
been kept between the partnership and the individual members
thereof, nor did it appear, from any source, how much each partner
had drawn from the joint funds, or how much the testator expended
from his own funds for partnership purposes; that each partner had
been accustomed to collect accounts and notes and receive money
for services and medicine, without keeping an accurate account
thereof, or dividing the same; that the plaintiff testified, that he be-
lieved, that the testator had drawn as much from the joint funds,
since January 1st, 1828, as he had himself,—but that it did not ap-
pear, that this belief was the result of any careful investigation upon

the subject; and that from this testimony the auditor found, that the testator had drawn about as much from the partnership funds as had the plaintiff, although he had no *data*, from which to form a definite or accurate opinion. Upon this part of the case the auditor submitted to the court the question as to the plaintiff's right to recover.

The county court, September Term, 1848,—KELLOGG, J., presiding,—held, that the plaintiff was not entitled to recover upon his declaration on account, and rendered judgment for him for the balance found due by the auditor on book account. Exceptions by plaintiff,

*O. L. Shafter* and *J. Roberts* for plaintiff.

1. The plaintiff is entitled to recover for the charges made by him for extra services. That there was an understanding between the partners, that each should be entitled to an allowance for services of this description, sufficiently appears from the terms of the copartnership contract. And the action of account is the appropriate remedy,

2. The objection, that the auditor did not adjust all the transactions of the partnership, that were open and unadjusted, assumes what the report does not show to be a fact. If an auditor adjust all matters, claimed by the parties to be open and unadjusted between them, he does all the law requires, and his report cannot be disturbed upon the ground, that he did not determine issues not joined before him. Rev. St. 220, § 9. 1 Sw. Dig. 726. *Williams* v, *Henshaw*, 1 Pick. 79; 11 Pick. 378.

*P. H. White* for defendant,

Evidence that the plaintiff performed more than half the labor of the partnership should not have been received, as it had no tendency to maintain the declaration. The claim set up in the declaration was, that the testator had received more than his share of the partnership funds; the proof offered was, that he had done less than his share of the partnership business. Had he been thus remiss, yet if he received more money than he earned he had a right to retain it against his copartner. And the auditor finds in substance that the testator did receive no more than his just proportion of the partnership funds. This he had a right to retain without reference to the question, whether he did more or less work than his copartner.

The opinion of the court was delivered by

Hall, J. Several objections are made to the allowance of the plaintiff's charges, in the partnership account; but in the view which we have felt constrained to take of the case, it has become unnecessary to consider more than one of them.

The only claim, which the plaintiff could have against the testator, under his declaration in account, would be for a balance due him on the adjustment of all their partnership dealings. He ,could not recover for any isolated service, or expenditure, merely because he had performed the service and made the expenditure in the partnership business. He may have received a greater amount from the partnership funds, or the testator may have rendered equal or greater services and made equal or greater expenditures in the same business. It is only when it should be ascertained, that the plaintiff's *services and expenditures constituted an excess above all the charges* proper to be made against him in the partnership business, that he should be allowed to recover for them; and even then he would not recover for the services and expenditures as such, but for the general balance of the partnership account.

We have not been able to satisfy ourselves, from the report of the auditor, that he has found any such general balance to be due the plaintiff. He reports, that no accurate account had been kept between the partners, of their partnership receipts and expenditures; that there was no evidence of how much had been drawn from the partnership funds, or received, by either of the partners, on partnership claims, or for partnership services; that no accounts had been kept of them; and the auditor expressly finds, " that no accurate *data* were furnished him, by which he could arrive at any satisfactory result as to the true state of the partnership accounts."

If there .were any finding by the auditor of any general balance, judgment might be rendered upon it, however uncertain the evidence, upon which it was found, might be; but there is no such finding. The most that the auditor says is, that, from the testimony of the belief of the plaintiff, that the testator had drawn as much, or more, from the joint fund, as he himself had, which belief was not the result of any careful investigation on the subject, the auditor finds, *that the testator had drawn about as much from the partner*

---

Mann *v.* Betterly.

---

*ship fund, as the plaintiff had,*—although the auditor adds, he has no *data,* from which to form any definite or accurate opinion.

From the whole report we think it is manifest, that the auditor has not undertaken to find, and has not found, any general balance in favor of the plaintiff, on the partnership transactions. He has found, that the plaintiff had performed certain services and made certain expenditures in the partnership business, and has ascertained their amount; but whether the amount of them, or any part of it, is really due to the plaintiff, is a matter that the auditor has not ascertained; and we do not think, the report furnishes any legal basis, on which to render a judgment against the estate, upon the partnership accounts. It may be, that the plaintiff had a just claim against the deceased; but we think he has failed to show it.

No objections are made to the judgment of the county court in regard to the book account; and the result is, that the judgment of the county court is affirmed.