WILLIAM E. GREEN & JOHN E. ROBERTS v. T. D. CHAPMAN, G. W. BENEDICT, C. F. WARD, A. S. DEWEY, J. K. CONVERSE, B. W. SMITH, J. E. BRINSMAID, C. HILDRETH, WILLIAM BRINSMAID, T. A. PECK, E. SMITH, S. WIRES, W. W. PECK, B. RIXFORD, T. M. PARKER, E. PETERSON, J. B. WHEELER, J. H. ROBINSON, R. W. CHASE, E. LYMAN, A. PECK, L. UNDERWOOD, C. GOODRICH, W. THARP, C. M. DAVEY, G. W. ALLEN, J. S. PIERCE, C. F. DAVEY, M. NOYES, L. S. DREW, R. BATCHELDER, I. DOW, W. T. SMITH, R. M. GUILFORD, G. T. BLODGETT, E. S. SMITH, L. A. EDGELL, C. F. WARNER, L. E. CHITTENDEN, N. ALLEN, D. B. BUCKLEY, C. P. HIGBEE, B. M. WEBB, J. W. ALLEN, R. BLINN, C. L. NELSON, A. S. JOHNSON, C. H. DORR, G. LOWRY, J. HERRICK, W. LYMAN, O. J. WALKER, J. J. DUNCKLEE, L. G. BIGELOW, L. P. BLODGETT, G. PETERSON, J. K. GRAY, B. B. NEWTON, G. F. HOUGHTON, E. B. WHITING, W. C. SMITH, A. S. HYDE, G. M. WELLS, GEO. P. BERKLEY, L. B. PLATT, M. B. CATLIN, C. MCNIEL, L. STONE, L. D. STONE, N. GUINDON, L. ORVIS, W. H. WHITE, W. E. GREEN, C. T. STEVENS, C. O. STEVENS, J. H. BOWMAN, W. R. BIXBY, W. A. NEW-

MAN, C. BRADBURY, BENJ. SHERMAN, C. P. AUSTIN, G. A. AUSTIN, SALLY AUSTIN, J. BOYNTON, E. M. WRIGHT, J. L. HAMMOND, M. A. CLARK, J. F. PIERCE, P. G. LADD, D. ADAMS, AND J. C. PARK.

### *Partnership account.*

The act " relating to actions between copartners," approved November 15, 1852,* refers only to such actions as are brought to settle and adjust partnership accounts, and to which the copartners alone are parties.

The act " relating to the action of account," approved November 18, 1852,† does not extend to cases where the entire account is a partnership matter.

The act "relating to defendants in actions on joint contracts," approved November 17, 1851,‡ extends to cases only where no liability whatever exists on the part of one or more of the defendants.

An action at law, where the same person is one of the plaintiffs and also one of the defendants, cannot be sustained, either upon common law principles, or by the provisions of either of the above mentioned acts.

BOOK ACCOUNT. The auditors reported that the plaintiffs who were partners in the lumber business sold a quantity of lumber to the defendant Chapman, to be used, and which was used in building a steamboat for an association of individuals styling themselves the " CHAMPLAIN STEAMBOAT COMPANY," of which the said Chapman was agent, and of which the plaintiff Green was one of the members, together with the other defendants in this suit.

Other facts in reference to the organization and proceedings of this association, which was, as it appeared, a mere partnership, and in reference to the agency of the said Chapman, were found and reported by the auditor, which, under the disposition which was made of the case, it becomes unnecessary to mention.

The report being returned, the defendants moved to dismiss the

---

*Which is in these words,—"The action of account, or any other appropriate action at law, " may be brought and mantained by one or more copartner or copartners against the other " copartner or copartners, to settle and adjust their copartnership accounts and dealings, " making all said copartners parties to said action, either as plaintiffs or defendants.

†Which is in these words,—"Whenever on the trial of any action of book account it shall " appear to the court that any item or items of account or deal between the same parties " more properly belongs to the action of account, the same may be tried and adjusted in the " action of book account."

‡Which is in these words,—"In any action founded on a contract, express or implied, " pending before any court in the state, in which more persons than one are defendants, the " plaintiff shall be entitled to judgment against such defendants as may be defaulted " and against those who shall upon trial be found to be liable upon the contract declared on, " notwithstanding it shall be found upon said trial that all the defendants in said action are " not jointly liable upon the contract declared on."

suit for the reasons, 1. That it appeared that Green, one of the plaintiffs was also one of the defendants. 2. That the plaintiffs' remedy was in equity alone.

The county court, June Term, 1854,—COLLAMER, J., presiding,—dismissed the suit, to which the plaintiffs excepted.

*E. J. Phelps,* and *J. Pierpoint,* for the plaintiffs, relied upon the acts of 1852 relating to actions between copartners, and actions of account, (Laws of 1852, p. 8, 9.) and the act of 1851, relating to defendants in actions on joint contracts, (Laws of 1851, p. 6.)

*Underwood & Hard, L. B. Englesby* and *W. W. Peck,* for the defendants.

The motion to dismiss was well taken. The plaintiff Green being a defendant, the case is within the principle that at law, a party cannot sue himself. *Mainwaring et als.* v. *Newman,* 2 B. & P. 120. *Bosanquet* v. *Wray,* 6 Taun. 597. *Holmes* v. *Higgins* 1 B. & C. 74. *Jones et als.* v. *Yates et al.,* 9 B. & C. 532. *Burly & Harris* v. *Harris,* 8 N. H. 233.

This objection is not obviated by No. 7 of the acts of 1851, (p. 6,) which simply cures defects of misjoinder and nonjoinder.

If the plaintiffs have a remedy it is in equity alone.

The opinion of the court was delivered by

ISHAM, J. The questions in this case arise on a motion to dismiss. The auditors have reported a balance on book due the plaintiffs for the sum of $933.96, subject to the right to recover the same at law, upon the facts stated in their report. The plaintiff's account is for lumber which was sold by them to Thomas D. Chapman, acting professedly as the agent of the defendants in making that purchase. The defendants by articles of agreement are organized into a joint stock association or copartnership, under the name of the "Champlain Steamboat Company," for the purpose of constructing a steamboat for their use on Lake Champlain, and for which the lumber in question was purchased and used.

The fact is stated, that Mr. Green was a partner with Mr. Roberts in the sale of the lumber, and that each are equally interested in the avails arising from that sale. They necessarily, therefore,

have joined as plaintiffs in this suit; for where the legal interest in a contract is joint, the remedy must be jointly pursued. It also appears from the report, that Mr. Green is one of the original subscribers to the stock of this association; that he was beneficially interested, with the other defendants, in the purchase of the lumber, and is proportionably liable with them, for the payment of this account. In each of these relations, Mr. Green is interested in this contract of sale on the one part, and of purchase on the other.

This action is now brought to recover the value of the lumber, and Mr. Green is made one of the plaintiffs of record as well as one of the defendants. It is very obvious, that this suit cannot be sustained on common law principles. No suit at law can be sustained " for no one can be interested as a party on both sides of the record." This doctrine has been held in several cases in England and in this state. The proper remedy of the party is in chancery. *Mainwaring* v. *Newman,* 2 Bos. & Pul. 120. *Bosanquet* v. *Wray,* 6 Taun. 597.

This case was, therefore, properly dismissed, unless by some statute different provisions have been made enabling suits of this character to be sustained at law. It is insisted that such provisions have been made by the acts of 1852. It is apparent, however, that the act of November 15, as well as that of November 18, was never intended to apply to actions of this character, or to alter that rule of common law. The act of November 15, p. 8, refers only to the common law action of account, and provides that that action may be sustained in cases, where otherwise, the remedy is only in chancery. Where the partnership consisted of only two persons, a remedy for the settlement of their partnership dealings was had at law in the action of account; but if the partnership consisted of a greater number of persons, the only remedy was in equity. *Wiswell* v. *Wilkins,* 4 Vt. 137. By this act, the remedy at law in this form of action is extended, so that partnership dealings may be finally settled, whatever number of persons may compose the partnership. For that purpose also, such equitable powers are given to the court in that action, as may be necessary to adjust their accounts.

In the next place the statute refers only to such cases as are brought to settle and adjust the copartnership accounts, and where

the copartners only are parties to the suit. It has no reference to actions brought by third persons, who are not members of the co-partnership. This suit is not brought to adjust those accounts, nor can they be adjusted in an action where Mr. Roberts is one of the plaintiffs of record, as he is not a member of the copartnership, and is in no way privy to their accounts or dealings. To bring a case within the provisions of this act, the action must be brought by partners against the copartners, declaring in the form of the common law action of account, and in which the final balance between the copartners can be settled. This action on book cannot be sustained for any such purpose, and is unaffected by that statute. The act of November 18, p. 9, providing that any items of account, properly belonging to the action of account, may be tried and adjusted in the action on book account, does not extend to cases, where the entire account is a partnership dealing.

Neither is this case affected by the act of 1851, which permits the plaintiff to take judgment against those defendants on whom a liability is proved, notwithstanding other defendants are joined, who are not jointly liable on the contract. That act extends to cases only, where no liability whatever, on the contract, exists on the part of some of the defendants. But in this case a liability does rest on Mr. Green to pay his proportion of this account. The difficulty in the case is, that his liability cannot be enforced at law. The proceedings should have been instituted in another tribunal, where the respective liabilities of all the parties can be enforced. For that reason, we think, the suit was properly dismissed. This view of the case renders it unnecessary to pass upon other questions which were raised during the argument.

The judgment of the county court is affirmed.