NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—May, 1884.

EISNER v. AVERY.

*In the matter of the estate of* HENRY EISNER, *deceased.*

Under Code Civ. Pro., § 66, giving an attorney a lien, for his services,
upon a judgment, etc., in his client's favor, and id., § 2, declaring
Surrogates' courts to be courts of record, an attorney for a party to
a special proceeding in such a court can enforce payment of his fees
out of a sum decreed to be paid to the latter.

A decree of a Surrogate's court, rendered against three co-executors, di-
recting payment of a specified sum to one of their number, by way
of costs and allowance, cannot be enforced by execution.

Upon an accounting by three co-executors, K., F. and E., the two former
of whom had in their possession the funds of the estate, E., not
being in accord with the others, appeared by separate counsel, who
rendered meritorious services in his client's behalf. The decree di-
rected the executors, out of a balance in their hands, to pay certain
expenses of the proceeding, and that there be allowed to E., indi-
vidually and as executor, a specified sum thereby adjudged as his
allowance and costs, to be paid to him or his attorney.   On motion,—

*Held,* that an execution issued thereupon against the executors in E.'s
favor must be set aside ; and that the direction as to the payment
to E., and the execution to enforce it, should have run against K.
and F. alone.

ORDER, granted at the instance of Samuel L. Eisner,
one of the three executors of decedent's will, direct-
ing Geo. P. Avery to show cause why an execution
issued, upon a Surrogate's decree, against all the ex-
ecutors, should not be set aside, etc.   The facts appear
sufficiently in the opinion.

R. S. NEWCOMBE, *for executors.*

GEO. P. AVERY, *in person.*

THE SURROGATE.—The decree by which the accounts of this decedent's executors have been judicially settled, contained this direction—that, out of a certain balance remaining in their hands *"the said executors pay"* certain expenses of their accounting, and "that there be allowed to Samuel L. Eisner, individually and as executor $1,280, hereby adjudged as his allowance and costs herein, *to be paid to him or to George P. Avery, his attorney."* Mr. Eisner has not been in accord with his co-executors Mr. Koehler and Mr. Freund, and has, therefore, appeared in these proceedings by separate counsel, who seems to have rendered very patient and meritorious services in his client's behalf. After the entry of the decree, a transcript thereof was filed with the county clerk, in accordance with the provisions of § 2553 of the Code of Civil Procedure ; and, at the instance of Mr. Avery, an execution was issued against all the executors, for enforcing the payment of the said sum awarded to executor Eisner.

On February 11th, 1884, the Surrogate made an order requiring Mr. Avery to show cause why this execution should not be set aside, and the docket of the decree vacated.

It appeared, in the papers presented by the moving party, that Eisner's co-executors had already satisfied or claimed to have satisfied the directions of the decree respecting costs and counsel fees. In an affidavit of Eisner himself it was alleged, among other things that differences had arisen between him and his counsel as to the amount due him for legal services ; but that he (Eisner) was willing to pay the sum of one thousand dollars.

These allegations have been denied by Mr. Avery, who swears, also, that he first learned of the alleged payment to Eisner by a letter received from Koehler on the 5th or 6th of February ; that, on the 26th of January previous, he had advised both Mr. Koehler and Mr. Freund of the amount awarded in the decree as costs and allowance, and of the fact that he himself claimed to be entitled thereto.

Section 66 of the Code of Civil Procedure gives an attorney a lien for services upon a judgment, decision, etc., in his client's favor.   This section applies to the Surrogate's court, which is now a court of record (id., § 2; Flint v. Van Dusen, 26 Hun, 606).

I should hold, therefore, but for a feature of this case to which I shall presently refer, that the payment by Koehler and Freund to Eisner would not be an answer to Mr. Avery's claim, especially in view of his notifying them before such payment of the existence of his claim (Rooney v. 2nd Ave. R. R. Co., 18 N. Y., 368; Marshall v. Meech, 51 N. Y., 140; In re Knapp, 85 N. Y., 284; Coughlin v. N. Y. C. & H. R. R. Co., 71 N. Y. 448).

The chief obstacle which stands in the way of the enforcement of Mr. Avery's demand, however, is this: the decree, as has been noted already, directs all the executors to pay a certain sum to one of their number. This decree cannot be enforced by execution.   It should have provided that Koehler and Freund who actually held in possession the funds of the estate, pay to Eisner the amount awarded him as costs and allowance.   I will entertain an application to amend the decree in this regard.   But the execution now objected to cannot be sustained.   The same person cannot be plaintiff and

defendant in the same action.   Where companies are composed in part of the same individuals, actions at law cannot be maintained by one against the other (Portland Bank v. Hyde, *11 Maine, 196;* Green v. Chapman, *27 Vt., 236;* Englis v. Furniss, *4 E. D. Smith, 587.*   See, also, Bailey v. Bancker, *3 Hill, 190*). This situation might have been avoided if the decree had provided that the payment to the executor Eisner should be made by his co-executors, but, as it is, I see no escape from the conclusion which I have announced. The execution must be set aside.

Ordered accordingly.