## F. A. BEEDE v. FRASER & CO.

### January Term, 1894.

*Suit between partners after dissolution.    Assumpsit.*
*Instrument under seal.*

1.  A., B. and C. were copartners under the firm style of Beede
    & Co., and B. and C. under the firm name of Fraser & Co.
    Beede & Co. was dissolved upon an agreement between the
    partners that A. should have all the debts due to the firm
    and should discharge all its liabilities.    *Held*, that A.
    could maintain assumpsit against B. and C. for a debt due
    from Fraser & Co. to Beede & Co.

2.  And this is so although the instrument of dissolution was
    under seal; for the action does not arise from a breach of
    the covenants of that instrument, but proceeds upon the
    promise which is implied from the fact that A. has been
    thereby made the owner of the debt.

General assumpsit.    Plea, the general issue.    Trial by
court at the December term, 1893, Orange county, THOMP-
SON, J., presiding.    Judgment for the plaintiff.    The de-
fendants except.    The facts appear in the opinion.

*J. W. Gordon* and *E. W. Bisbee* for the defendants.

The plaintiff could not maintain this action at law in his
sole name against the defendants.    *Judd & Harris* v. *Wil-*
*son*, 6 Vt. 185; *Estes* v. *Whipple*, 12 Vt. 373; *Spear* v.
*Newell*, 13 Vt. 288; Dic. Par. to Ac., 155.

If the plaintiff has any action in virtue of paper "A," it is
covenant upon the sealed instrument.    *McKay* v. *Darling*,
65 Vt. 639; *Myrick* v. *Slason*, 19 Vt. 121; *Camp* v. *Bar-*

*ker*, 21 Vt. 469; *King* v. *Railroad Co.*, 51 Vt. 369; *Wood* v. *Edwards*, 19 Johns. 205; *Shaeffer* v. *Geisenberh*, 47 Pa. St. 500; *Codman* v. *Jenkind*, 14 Mass. 93; *Young* v. *Preston*, 4 Cranch 239; Stephen Pleading, 115, 118; 4 Am. and Eng. Enc. of L., 463; *Rankin* v. *Darnell*, 11 B. Mon. 30.

*Martin & Slack* for the plaintiff.

Covenant upon the sealed instrument will not lie, for none of its covenants have been broken. *Wright* v. *Chumpsty*, 41 Pa. 102; *Wheeler* v. *Wheeler*, 111 Mass. 247; *Colgrove* v. *Fillmore*, 1 Aik. 347; *Wilby* v. *Phinney*, 15 Mass. 116; *Schmidt* v. *Glade*, 126 Ill. 485; *Pope* v. *Randolph*, 13 Ala. 214.

The court found that Fraser & Co. owed the debt to Beede & Co. By the terms of the dissolution the plaintiff became the owner of the debt. From those facts the law implies the promise upon which the action is based. *State* v. *Village of St. Johnsbury*, 59 Vt. 332; *Buck* v. *Brooks*, 70 Mich. 449; *Dermott* v. *Jones*, 2 Wall. 1; *Allen* v. *Stenyer*, 74 Ill. 119; *Hall* v. *Mastton*, 17 Mass. 574; *Williams* v. *Henshaw*, 11 Pick. 79; *Cutler* v. *Powell*, 2 Smith's Lea. Cas. 61, and note; *Knapp* v. *Hobbs*, 50 N. H. 476.

TYLER, J. The court below found the following facts: Prior to Oct. 15, 1891, the plaintiff and one George were copartners under the firm name of George & Beede, in the business of quarrying and selling granite at Barre, and the defendants, as copartners under the firm name of P. B. Fraser & Co., were engaged in manufacturing granite into monuments, etc. The former partnership was dissolved about Sept. 1, 1891. Prior to that time it had sold and delivered to the defendants a quantity of granite for which the defendants owed George & Beede, and the debt, by the con-

tract of dissolution, became the property of Beede. The defendants were so notified before this suit was brought and thereupon promised to pay the plaintiff the amount of said debt, and afterwards did pay him fifty dollars, leaving a balance due of four dollars and sixty-two cents.

Oct. 15, 1891, the plaintiff and the defendants entered into copartnership under the firm name of Beede & Co., and that firm carried on the business of quarrying and selling granite, and prior to Dec. 4, 1891, sold the defendants granite to the amount of ninety dollars, which was due from the defendants to Beede & Co. on that date, when the firm of Beede & Co. was dissolved. The firm of Fraser & Co,. composed of Fraser and Smith, owed the ninety dollars to the other firm, which was composed of Beede, Fraser and Smith. The plaintiff was not a member of the defendant firm.

The court found that, as a part of this contract of dissolution, the plaintiff became the owner of all debts due to Beede & Co., and that concurrently with the making of the contract the defendants promised the plaintiff to pay him the demand of ninety dollars, but it certifies that these facts were found solely from " Paper A," which is as follows :

" This is to certify that the copartnership hereto existing by and between F. A. Beede, P. B. Fraser and G. W. Smith, all of Barre, in the county of Washington and State of Vermont, under the firm name and style of Beede & Co., is hereby dissolved by mutual agreement.

" And it is further agreed by and between said Beede, Fraser and Smith, that the said F. A. Beede is to and hereby agrees to assume and pay all of the debts of the said firm, and to have and collect all of the debts due and owing said firm.

" Witness our hands and seals, and dated at said Barre, this 4th day of December, 1891.

F. A. BEEDE,    [L. s.]<br>
P. B. FRASER,   [L. s.]<br>
G. W. SMITH,    [L. s.]"

Before the dissolution the defendants owned the demand jointly with the plaintiff, and Beede and Co. could not have maintained an action upon it against the defendants because Fraser and Smith would have been both plaintiffs and de-defendants, and "no one can be interested as a party on both sides of the record." Where two companies are composed in part of the same individuals no action at law can be maintained by one against the other. *Green & Roberts* v. *Chapman et als.*, 27 Vt. 236, citing *Mainwarring* v. *Newman*, 2 B. & P. 120, and *Bosanquet* v. *Wray*, 6 Taunt. 597 ; Dicey on Parties, rule 22.

It is a general rule that all the partners must join as plaintiffs in an action at law to enforce a partnership claim, whether the action is brought before or after the dissolution of the partnership. Therefore two partners cannot maintain a suit against a third to recover for goods charged to him on the partnership books although by the contract of dissolution the two were to have all the debts due the firm, there being no promise by him to pay the other partners. *Judd & Harris* v. *Wilson*, 6 Vt. 185. One partner cannot recover of another an unliquidated and unsettled balance of a partnership business. *Spear* v. *Newell*, 13 Vt. 288.

But when, on the dissolution, one retained a portion of the partnership assets sufficient to pay a particular partnership debt, and agreed with his copartner to pay it, and the copartner was afterward obliged to pay it, it was held that he could recover in assumpsit the amount so paid. *Hicks* v. *Cotrill*, 25 Vt. 80.

As a rule assumpsit will not lie by one partner against his copartner, in respect to any matter connected with the partnership transactions, or which would involve the consideration of their partnership dealing ; yet one may sustain an action against his copartner on an express contract or covenant to do or omit any particular act not involving any question as to the general accounts. And when the parties,

by an express agreement, separate a distinct matter from the partnership dealing, and one expressly agrees to pay the other a specified sum for that matter, assumpsit will lie on the agreement, though the matter arose from the partnership dealing. *Collamer* v. *Foster*, 26 Vt. 754.

It is quite clear, says Parsons on Partnership, s. 190, that certain particular and distinct transactions may be separated from the affairs or business of the partnership by the agreement of the partners. Then those persons who are concerned in this separated matter are not as partners to each other, although in all other business relations they remain partners. Where partners agree to divide a partnership debt, and the debtor assents to it and promises one of the partners to pay him his moiety, such partner may maintain an action for his moiety against the debtor. 1 Lind. on Part. 265, citing *Blair* v. *Snow*, 10 N. J. L. 153. After a dissolution and a balance has been struck and agreed upon by the partners, one may maintain assumpsit against the other to recover his balance upon an implied promise. *Spear & Carlton* v. *Newell* 13 Vt. 292 ; *Warren* v. *Wheelock*, 21 Vt. 323 ; *Gibson* v. *Moore*, 6 N. H. 547 ; *Wilby* v. *Phinney*, 15 Mass. 121 ; *Wheeler* v. *Wheeler*, 111 Mass. 247. Assumpsit lies where, after dissolution and settlement, one partner received more than was his due. *Bond* v. *Hays*, 12 Mass. 33 ; *Clark* v. *Dibble*, 16 Wend. 601.

The defendants contend that the evidence of a promise is in the express terms of " Paper A," " to have and collect all debts due and owing the firm," and that the paper being under seal no action at law but covenant will lie. But the paper contains no express promise. Before the contract was executed the debt belonged to the plaintiff and defendants. By the contract the interest of the partners therein was separated and the demand became the sole property of the plaintiff. Its covenants are that the partnership should be dissolved, that the plaintiff should pay the debts owed by

the firm and have the debts owing to it.   Of these covenants
the paper was proper evidence.   The promise to pay the
ninety dollars arises by implication of law from the fact of
the assignment by the firm of all the debts to the plaintiff,
with the right to collect them.   The case is distinguishable
from *McKay* v. *Darling*, 65 Vt. 639, where the plaintiff
sued to recover for services in sawing and drawing lumber
and for damages occasioned by defendant's failure to fur-
nish slabs pursuant to an agreement under seal.   In that
case and in the other cases cited by defendant's counsel
on this point it was held that assumpsit would not lie where
the damages claimed were caused directly by a breach of
covenant.

In the notes to *Cutter* v. *Powell*, 2 Smith's Lead. Cas. 17,
it is said that where the special contract remains open, un-
performed, and there has been no fault or omission on the
part of the defendant, indebitatus assumpsit will not lie.
But if it has been wholly executed on the part of the plaint-
iff and the time of payment on the other side is passed, a
suit may be brought on the special contract, or a general
assumpsit may be maintained.   See cases there cited.

In *Moulton* v. *Trask*, 9 Met. 577, Shaw, C. J., said:

"When a special contract is open and unexecuted, and
the plaintiff proceeds for a breach of it, he must declare
specially and set it out and aver a breach, and indebitatus
assumpsit will not lie.   But when a contract is at an end,
either by its own original terms, or by the subsequent con-
sent of the parties, or by the unjustifiable act of the defend-
ant, and nothing remains but to pay money, indebitatus as-
sumpsit will lie, although the debt accrued under a special
contract; and such special contract may be proper and nec-
essary evidence in support of the action."   *Canada* v. *Can-
ada*, 6 Cush, 15; 2 Green. Ev., s. 104.

In *Bank* v. *Patterson*, 7 Cranch 399, Judge Story said:

"It is undoubtedly true that a security under seal extin-
guishes a simple contract debt, because it is of a higher
nature.   But this effect never has been attributed to *a sealed*

instrument which merely recognizes an existing debt and provides a mode to ascertain its amount and liquidation."

This subject is lucidly discussed in the notes to *Cutter* v. *Powell*, page 61, as follows:

" The confusion and obscurity which exist in the books, in relation to this matter of special and general assumpsits, have arisen from an erroneous impression that, when there has been a special contract, and the plaintiff brings general assumpsit, the special contract of the defendant is in some degree or to some extent the ground of the plaintiff's recovery. This impression arises from an error as to the legal nature and ground of general assumpsit, which rests only on a *legal* liability springing out of a consideration received; and the diffiulty clears away if it is kept always in mind that in no case in which general assumpsit is brought, though there may have been a special agreement, does the plaintiff legally ground his claim at all upon the special agreement or promise, nor derive any right from it, nor make it any part of his case; he proceeds exclusively upon the implied legal engagement or obligation of the defendant to pay the value of services ordered or received by him. In special assumpsit, the express promise of the defendant is an integral essential part of the plaintiff's right and of his declaration, *because* it fixes the measure of damages to which he is entitled; but in general assumpsit he claims, *not* the conventional but the legal measure of damages belonginging to the consideration which he proves, and that is the actual value of the consideration; and the promise or express contract can have no weight in the proceeding except as *evidence* of the fact of consideration or of its value. Whenever, therefore, the plaintiff brings general assumpsit, he grounds his claim, not upon the special contract, *but*, the rule of law is, that if the defendant can show that there has been a special contract in relation to the matter, he will defeat the plaintiff's general assumpsit, for the law will not imply a promise where there has been an express one; that is to say, where there has been a conventional measure of damages, foresettled by mutual agreement, the plaintiff shall not cut loose from it, and claim the legal measure of damages."

In this case no covenant in " Paper A " was broken. It

contained no promise by the defendants to pay the ninety dollars to the plaintiff.· The plaintiff's right of action arises by implication from the fact of the assignment of the demand to him and not from an express promise to pay it.   Upon this ground general assumpsit is maintainable.

*Judgment affirmed.*